United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41291
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARRICK HILLARD, also known as Pie,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CR-33-1
--------------------

Before JOLLY, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Arrick Hillard appeals his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine. Hillard argues that the magistrate judge committed reversible error at the rearraignment proceedings by failing to 1) inform him that he had the right to plead not guilty or to persist in his not-guilty plea, 2) advise him of the effects of supervised release, and 3) fully explain the nature of the conspiracy charge. Hillard

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also contends that the magistrate judge erred in delegating and permitting the Government to conduct certain FED. R. CRIM. P. 11 admonishments, and he asserts that there was an insufficient factual basis for his plea. Hillard argues that the magistrate judge's flawed compliance with the requirements of FED. R. CRIM. P. 11 renders his guilty plea involuntarily made. Hillard further asserts that his case should be remanded to the district court for disposition of his outstanding *pro se* motion to withdraw his guilty plea, which Hillard filed subsequent to his rearraignment and prior to his sentencing.

We have reviewed the record and the briefs submitted by the parties and hold that the magistrate judge's alleged FED. R. CRIM. P. 11 errors/omissions do not rise to the level of plain error. See United States v. Vonn, 122 S. Ct. 1043, 1046 (2002); United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002); United States v. Marek, 238 F.3d 310, 315 (5th Cir.)(en banc), cert. denied, 534 U.S. 813 (2001); United States v. Cuevas-Andrade, 232 F.3d 440, 444 (5th Cir. 2000).

Because Hillard was represented by counsel during the criminal proceedings, his *pro se* letter to withdraw his guilty plea was an unauthorized motion that the district court was permitted to ignore. See United States v. Ogbonna, 184 F.3d 447, 449 & n.1 (5th Cir. 1999); United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).

AFFIRMED.