**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 21, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41043
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS RODRIGUEZ-MORALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-237-ALL
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jose Luis Rodriguez-Morales ("Rodriguez") appeals his guilty-plea conviction of entering the United States without the consent of the Attorney General, after having been excluded or deported, in violation of 8 U.S.C. § 1326(a) and (b). For the first time on appeal, Rodriguez contends that during his rearraignment proceeding the magistrate judge, to whom Rodriguez had given consent to take his plea, violated FED. R. CRIM. P. 11 in various instances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because a guilty plea involves the waiver of several constitutional rights, it must be made intelligently and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Rule 11 requires the district court to follow certain procedures to determine whether a defendant's guilty plea is made knowingly and voluntarily. This court reviews the district court's compliance with Rule 11 to determine (1) whether the court varied from Rule 11's procedures and, if so, (2) whether the variance affected the defendant's substantial rights. United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). When an appellant allows an error in a guilty-plea colloquy to pass without objection, this court reviews for plain error only. United States v. Vonn, 535 U.S. 55, 59 (2002). To establish plain error, an appellant bears the burden to show that (1) there is an error (2) that is "clear" or "obvious" and (3) that affects his substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993).

Rodriguez's contention that the magistrate judge failed to inform him of the applicable minimum sentence is frivolous because 8 U.S.C. § 1326 does not prescribe a minimum sentence. Rodriguez challenges the magistrate judge's failure to give at least two Rule 11 warnings that have been deleted from the current version of Rule 11, which applied to Rodriguez[**]:

---

[**] The Federal Rules of Criminal Procedure were amended effective December 1, 2002. Because Rodriguez's rearraignment occurred after that date, the current version controls.

First, Rodriguez argues that the "effect" of supervised release was not explained to him and, second, he maintains that the magistrate judge failed to inquire whether his "willingness to plead guilty" was the result of discussions between the Government's attorney and his own. Because Rule 11 no longer contains such requirements, Rodriguez cannot show plain error as to these alleged shortcomings. Finally, the magistrate judge's failure to mention that the district court had discretion to depart from the applicable guideline imprisonment range was not plain error, because the district court did not make a departure. See United States v. Cuevas-Andrade, 232 F.3d 440, 444-45 (5th Cir. 2000).

The appeal is DISMISSED as frivolous. 5TH CIR. R. 42.2.