IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10976
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CUEVAS-ANDRADE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas
_____

November 3, 2000

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:

Juan Cuevas-Andrade appeals his conviction and sentence for illegally reentering the United States following deportation. He contends, first, that the district court's numerous violations of FED. R. CRIM. P. 11 require us to remand the case for a new plea hearing; and, second, that the district court improperly enhanced his sentence on the basis of a prior conviction for carrying a firearm during a drug-trafficking crime.  We hold that under the circumstances of this case, the district court's violations of Rule 11 constitute harmless error because they did not materially affect Cuevas-Andrade's decision to plead guilty. We also hold that

Cuevas-Andrade's second issue is unreviewable because, as a part of his plea agreement, he voluntarily and intelligently waived his right to challenge his sentence. We thus affirm Cuevas-Andrade's conviction and sentence.

I

Juan Cuevas-Andrade, a citizen of Mexico, was deported from the United States in August 1996. Cuevas-Andrade returned to the United States and was later found and arrested in Texas in January 1999. He was charged with a violation of 8 U.S.C. § 1326 (illegally reentering the United States following deportation) and, pursuant to a written plea agreement with the government, pled guilty to the indictment in May 1999. The United States District Court for the Northern District of Texas (Dallas Division) sentenced Cuevas-Andrade to 46 months' imprisonment, three years' supervised release, and a special assessment of $100. Cuevas-Andrade now appeals, claiming that his guilty plea was improperly entered and that his sentence was improperly enhanced.

II

Cuevas-Andrade raises two principal issues on appeal. First, he argues that the district court violated FED. R. CRIM. P. 11 by failing to inform him of the nature of the charge, the maximum possible penalty, the effect of supervised release, the waiver of his right to a jury trial, and the possibility that his answers

could result in a prosecution for perjury. Because of these alleged Rule 11 violations, Cuevas-Andrade concludes that we must vacate his conviction and remand the case for a new plea hearing. The government concedes that the plea colloquy was deficient, but it argues that the court's Rule 11 errors constitute harmless error.

Second, Cuevas-Andrade argues that the district court improperly enhanced his sentence. According to Cuevas-Andrade, his prior conviction for possession of a firearm during a controlled substance offense should not have been considered an "aggravated felony." The government contends that this issue is foreclosed by the waiver of appeal provision in Cuevas-Andrade's plea agreement.[1]

---

[1]After the Supreme Court decided Apprendi v. New Jersey, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Cuevas-Andrade raised a third issue on appeal. He now argues that his prior felony conviction should have been alleged in the indictment. But, as Cuevas-Andrade concedes, his argument is directly contrary to the holding of Almendarez-Torres v. United States, 523 U.S. 224, 226-27, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998) (the criminal penalty provision of 8 U.S.C. § 1326(b)(2) "simply authorizes a court to increase the sentence for a recidivist [and] does not define a separate crime.") Cuevas-Andrade suggests, however, that Almendarez-Torres was called into question by Apprendi. See Apprendi, 120 S.Ct. at 2361-62; id. at 2379 (Thomas, J., concurring); see also United States v. Powell, 109 F.Supp.2d 381, 382-84 (E.D. Pa. 2000). Cuevas-Andrade has raised the issue here for the sole purpose of preserving the question for further review by the Supreme Court.

III

A

Federal Rule of Criminal Procedure 11 requires federal district courts to "address the defendant personally in open court" before accepting the defendant's plea and to inform the defendant of, and determine that he understands, certain facts relating to the voluntariness and intelligence of his plea. Cuevas-Andrade argues that the district court committed numerous Rule 11 errors by failing to explain (a) the nature of the charge, (b) the maximum possible penalty, (c) the effect of a supervised release term, (d) the role of sentencing guidelines and judicial discretion in sentencing, (e) waiver of his right to a jury trial and his rights attendant to trial, such as the right to confront witnesses, and (f) the plea agreement provision regarding the waiver of the right to appeal the sentence. See FED. R. CRIM. P. 11(c)(1)-(5). Furthermore, Cuevas-Andrade argues, the court failed to determine that the plea was voluntary and not the result of force or threats. See FED. R. CRIM. P. 11(d).

We review de novo whether a district court has complied with a Federal Rule of Criminal Procedure. United States v. Scott, 987 F.2d 261, 264 (5th Cir. 1993). If the district court failed to comply with Rule 11, we then ask whether the court's errors were harmless under Rule 11(h): "Any variance from the procedures

4

required by this rule which does not affect substantial rights shall be disregarded." FED. R. CRIM. P. 11(h). We have explained that a defendant's substantial rights are affected if the district court's Rule 11 errors "may reasonably be viewed as . . . a material factor affecting [the defendant's] decision to plead guilty." United States v. Bachynsky, 934 F.2d 1349, 1360 (5th Cir. 1991) (en banc); see also United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc) (a defendant's substantial rights are affected if his "knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty").[2] We now turn to each of the alleged Rule 11 errors.

First, Cuevas-Andrade claims that the district court failed to inform him of the nature of the charge against him. We have held that in cases involving simple charges, "a reading of the

---

[2]The government argues that harmless error analysis is inappropriate in this case and that Cuevas-Andrade's Rule 11 challenges should be reviewed for plain error because he failed to raise his objections in the district court. This argument contradicts our holdings that a defendant may assert Rule 11 violations on appeal regardless of whether he raised the issue in the district court and that such claims are reviewed under harmless error analysis rather than for plain error. See United States v. Suarez, 155 F.3d 521, 524 (5th Cir. 1998); United States v. Glinsey, 209 F.3d 386, 394 n.8 (5th Cir. 2000).

indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice" to inform the defendant of the nature of the charge. United States v. Dayton, 604 F.2d 931, 938 (5th Cir. 1979) (en banc). In this case, it is undisputed that the prosecutor, at the court's request, read the indictment in open court. The district court failed, however, to provide Cuevas-Andrade with the opportunity to ask questions about the charge. This variance from Rule 11 was harmless. The signed factual resume that accompanied his plea agreement listed the elements of the offense as well as the factual basis for his plea. At the plea hearing, Cuevas-Andrade's counsel confirmed that he had reviewed the plea agreement and factual resume with his client and that Cuevas-Andrade appeared to understand them. Under these circumstances, the district court's variance from Rule 11 is harmless error because it cannot reasonably be viewed as a material factor affecting Cuevas-Andrade's decision to plead guilty.

Second, Cuevas-Andrade contends that the district court failed to explain the maximum possible penalty provided by law, including the effect of a supervised release term. He admits that the prosecutor, at the court's request, summarized the plea agreement and stated, "The punishment is a period not to exceed twenty years, fine not to exceed $125,000, supervised release of less than two years [sic], not more than three years, and mandatory special

assessment of $100." The court strayed from Rule 11 by not addressing the defendant personally, by not asking follow-up questions after the prosecutor had recited the possible penalties, and by not explaining the effect of a supervised release term. These errors are harmless, however. The penalties that Cuevas-Andrade faced, including the supervised release term, were fully and accurately explained in the signed plea agreement. Furthermore, the error was harmless because the maximum term of incarceration under the actual sentence of imprisonment and supervised release is less than the maximum term of incarceration allowed by law. The maximum possible term of incarceration was twenty years, as Cuevas-Andrade knew. In fact, he was sentenced to only forty-six months' imprisonment, thirty-six months' supervised release, and two years' imprisonment upon revocation of his supervised release (under 18 U.S.C. § 3583(e)(3)). Thus, his aggregate period of incarceration is less than six years, and the total period of time between his first day and last day in prison (this is what we have called his "worst-case scenario") is less than nine years. See United States v. Hekimain, 975 F.2d 1098, 1101-03 (5th Cir. 1992). Because Cuevas-Andrade understood that he could have received a maximum prison term of twenty years, and because that term exceeds both his maximum aggregate period of

incarceration and his "worst case scenario," the district court's noncompliance with Rule 11 was harmless error.

Third, Cuevas-Andrade alleges that the court failed to explain that it was required to consider sentencing guidelines but was also able to depart from those guidelines in some circumstances. The court failed to inform Cuevas-Andrade of these facts. But, again, these omissions are harmless because Cuevas-Andrade's plea agreement contained a full explanation of sentencing guidelines and, furthermore, the district court did not depart upward from the guidelines.

Fourth, Cuevas-Andrade claims that the court failed to inform him that a guilty plea effected a waiver of various rights, including his rights to plead not guilty, to be tried by a jury, to confront witnesses at trial, to have assistance of counsel, and against compelled self-incrimination. Although not discussed at the plea hearing, this information was contained in the plea agreement, which Cuevas-Andrade signed and apparently understood. Furthermore, under our harmless error analysis, we must give some consideration to the fact that the defendant "has offered no proof--not even an allegation--that the [Rule 11] information omitted from his plea hearing would have altered his plea." United States v. Vasquez-Bernal, 197 F.3d 169, 171 (5th Cir. 1999). Here, Cuevas-Andrade has not alleged that this Rule 11 error (or any of

the Rule 11 errors, for that matter) materially affected his decision to plead guilty.

Fifth, Cuevas-Andrade alleges that the court failed to warn him that false answers provided at the plea hearing would subject him to prosecution for perjury or false statement. The court warned him only that his responses at the hearing had to "be given truthfully and under oath." To the extent that the court failed to comply with this requirement, we find its errors harmless because Cuevas-Andrade does not even allege that the court's failure to warn him of the potential for a perjury prosecution affected his substantial rights, influenced his decision to plead guilty, or raises doubts about the voluntariness or intelligence of his plea. See United States v. Henry, 113 F.3d 37, 42 (5th Cir. 1997).

Sixth, Cuevas-Andrade alleges that the court failed to inform him that, under the terms of the plea agreement, he would waive his right to appeal his sentence. It is true that Rule 11 now provides that the court must determine that the defendant understands "the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence." FED. R. CRIM. P. 11(c)(6). Because this subsection did not become effective until December 1, 1999, it does not apply to the plea hearing in this case, which took place on May 13, 1999. See United States v. Robinson, 187 F.3d 516, 518 n.2 (5th Cir. 1999).

Seventh, Cuevas-Andrade argues that the court failed to determine that the plea was voluntary and not the result of force or threats. The court did, in fact, fail to personally address the defendant and determine whether his plea was "freely and voluntarily made." FED. R. CRIM. P. 11(d). But this error, too, was harmless for several reasons. The signed plea agreement provides unequivocally that the plea was voluntary and not the result of force or threats. The court asked Cuevas-Andrade's attorney whether he was satisfied that his client's guilty plea was voluntary. And on appeal, Cuevas-Andrade does not allege that his plea was involuntary. Under these circumstances, this Rule 11 error was harmless.

Finally, Cuevas-Andrade argues that a plea colloquy "cannot sustain limitless 'harmless' error" and that numerous Rule 11 omissions, taken together, may "transform otherwise 'harmless' error into reversible error sufficient to compel remand for repleading." We simply find no support in our case law for this proposition. Instead, the rule is that every alleged Rule 11 violation must be tested under the harmless error standard of Rule 11(h), and we may not create reversible error out of a series of harmless errors unless the cumulative effect would sustain a

10

conclusion that the voluntariness of his plea was materially affected.  Here, it plainly will not sustain such a conclusion.[3]

B

The district court enhanced Cuevas-Andrade's illegal reentry sentence on the grounds that he had a prior conviction under 18 U.S.C. § 924(c)(1) for using and carrying a firearm during a drug-trafficking crime.  Cuevas-Andrade argues on appeal that the court erred in viewing this conviction as an "aggravated felony" that warranted a sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A). The government argues that this question is unreviewable because Cuevas-Andrade waived his right to appeal his sentence.

Cuevas-Andrade's plea agreement provides that he waives the right to appeal his sentence on any ground, except for punishment in excess of the statutory maximum, an upward departure from the

---

[3]Notwithstanding that all errors at the plea colloquy in this case are harmless, we strongly emphasize that district courts should be vigilant in performing their duties under Rule 11.  All the district court must do is "follow the script" to assure that the plea is voluntary and that the defendant's substantial rights have been safeguarded.  Strict compliance with Rule 11 also conserves judicial resources by precluding appeals such as this one, where the technical violations do not materially affect the defendant's decision to plead guilty.

Furthermore, we must observe that if either the United States Attorney or the Federal Public Defender believes the colloquy is inadequate under Rule 11, as officers of the court they have "both an obligation and an interest in insuring that a guilty plea proceeding complies with all constitutional and statutory requirements," United States v. Echegollen-Barrueta, 195 F.3d 786, 790 n.2 (5th Cir. 1999), and accordingly should bring any failure in compliance with Rule 11 to the attention of the court.

guidelines, or arithmetical errors in the guideline calculation. Because Cuevas-Andrade's sentencing issue does not fall under any of these three exceptions, the issue may not be raised on appeal unless the waiver is somehow ineffective.

In order to be effective, a waiver of the right to appeal must be informed and voluntary. <u>United States v. Melancon</u>, 972 F.2d 566, 567 (5th Cir. 1992). At the plea hearing, the U.S. Attorney summarized the waiver provision, and Cuevas-Andrade's attorney informed the court that Cuevas-Andrade had reviewed the entire plea agreement and appeared to understand it. On appeal, Cuevas-Andrade does not challenge the intelligence or voluntariness of the waiver. His only argument why this waiver does not apply here is that the court failed to comply with Rule 11(c)(6), which requires the court to verify that a defendant understands the waiver provisions in a plea agreement. As we pointed out above, however, this provision is inapplicable because it did not become effective until after Cuevas-Andrade was sentenced. Absent any other indication that the waiver provision was involuntary, we must enforce it. Cuevas-Andrade's challenge to his sentence is therefore unreviewable.

IV

We conclude that all of the alleged Rule 11 violations were, at most, harmless errors. The record indicates that Cuevas-Andrade

12

knew and understood the nature of the charge, the maximum possible penalty, the sentencing process, and his right to a trial.  In most instances, these facts were thoroughly covered in the plea agreement, which Cuevas-Andrade signed and understood.  Moreover, Cuevas-Andrade does not allege how these Rule 11 errors may have materially affected his decision to enter a guilty plea.  We also conclude that Cuevas-Andrade voluntarily waived his right to appeal his sentence, and for that reason, we do not review the question whether the district court properly enhanced Cuevas-Andrade's sentence.  Cuevas-Andrade's conviction and sentence are

A F F I R M E D.