United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50643
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA VASQUEZ-RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-674-1-WWS
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Patricia Vasquez-Rodriguez (Vasquez-Rodriguez), federal prisoner # 38479-180, appeals her guilty-plea conviction and sentence for conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine, possession with intent to distribute cocaine, and importation of cocaine. On each count, Vasquez-Rodriguez was sentenced to 78 months of imprisonment and five years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vasquez-Rodriguez's arguments that the district court failed to comply with FED. R. CRIM. P. 11 are reviewed for plain error. United States v. Olano, 507 U.S. 725, 732-37 (1993). Vasquez-Rodriguez contends that the district court erred in failing to fully advise her of the court's obligation to apply the sentencing guidelines and its "discretion to depart from those guidelines under some circumstances." While the district court may not have expressly stated that it may depart from the sentencing guidelines, see FED. R. CRIM. P. 11(b)(1)(M), Vasquez-Rodriguez has failed to show that the district court's failure to explicitly state this information affected her substantial rights. See Olano, 507 U.S. at 732-37; see also United States v. Cuevas-Andrade, 232 F.3d 440, 444-45 (5th Cir. 2000).

Vasquez-Rodriguez asserts that the district court erred in failing to inform her of the effect of supervised release. In compliance with FED. R. CRIM. P. 11(b)(1)(H), Vasquez-Rodriguez was informed that, if she was convicted of each of the charges against her, she would face "a minimum mandatory of ten years to life without parole, a fine up to $4 million, five years term of supervised release and $100 special assessment."

Vasquez-Rodriguez also asserts that the district court erred in failing to inform her of or determine that she understood "any maximum possible penalty, including imprisonment, fine, and term of supervised release" and "any mandatory minimum penalty." The rearraignment transcript reflects that the district court

complied with FED. R. CRIM. P. 11(b)(1)(H) and informed Vasquez-Rodriguez of and made sure she understood the charges and penalties pending against her.

Vasquez-Rodriguez further contends that the district court erred in failing to inform her that false statements provided at a plea hearing would subject her to prosecution of perjury. While the district court erred in not informing Vasquez-Rodriguez of the possibility of being charged with perjury if she was untruthful during the rearraignment hearing, see FED. R. CRIM. P. 11(b)(1)(A), Vasquez-Rodriguez has not shown that the court's failure to convey this information affected her substantial rights. See Olano, 507 U.S. at 732-37.

As a result of the foregoing, the judgment of the district court is AFFIRMED.