IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 07-50161
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROY ELBERT CARLTON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-164-ALL

Before GARWOOD, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Roy Elbert Carlton appeals the sentence (188 months' imprisonment followed by 8 years' supervised release and a $1,000 fine) imposed following his guilty-plea conviction for possession with intent to distribute at least five grams of crack cocaine within 1000 feet of a playground in violation of 21 U.S.C. §§ 841(b) and 860. He argues that the district court plainly erred in sentencing him to eight years of supervised release because, at the Rule 11 hearing, the district

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court advised him that the maximum sentence to which he would be subject was a fine (of more than $1,000) and 80 years' imprisonment and three years of supervised release. This contention was not raised below. He requests modification of the district court's judgment so that his term of supervised release is only three years.

Pursuant to section 860(a), Carlton was subject to a minimum term of eight years of supervised release; twice the four-year term mandated by section 841(b)(1)(B). 21 U.S.C. § 860(a). Accordingly, the district court's statement at the Rule 11 hearing that Carlton faced a three year maximum term of supervised release was erroneous, but the district court's sentence of Carlton to an eight year term of supervised release was correct and within the statutory authorized limit.

Carlton does not challenge the validity of his guilty plea, but nevertheless argues that the district court's misinformation at rearraignment regarding his possible supervised release term is a basis for modifying his term of supervised release. Any error committed by the district court at rearraignment was not such as to meet the plain error standard of review because the aggregate of the Carlton's 188 month term of imprisonment combined with the eight years of supervised release and the three-year period of incarceration that could be imposed after revocation of his supervised release would not exceed the eighty-year maximum prison sentence of which Carlton was advised.[1] See United States v. Reyes, 300 F.3d 555, 560-61 (5th Cir. 2002) (holding that a district court's failure to explain the effect and operation of supervised release was not plain error when the aggregate of the defendant's term of imprisonment, his term of supervised release, and any penalty for the revocation of his supervised release

---

[1] See 18 U.S.C. § 3583(e)(3) (maximum term for violation of supervised release for Class B felony is three years); see also 18 U.S.C. § 3559(a)(3) (Carlton's crime is Class B felony because the maximum term of imprisonment is twenty-five years or more but less than life).

was less than his advised maximum term of incarceration); United States v. Cuevas-Andrade, 232 F.3d 440, 444 (5th Cir. 2000) (holding the same as Reyes under a harmless error standard); see also United States v. Hekimain, 975 F.2d 1098, 1101-03 (5th Cir. 1992) (holding that the district court's failure to explain the effect of a term of supervised release was not harmless error because the aggregate of his term of imprisonment plus, his term of supervised release, and any penalty for the revocation of his supervised release was greater than his advised maximum term of incarceration).  Carlton's sentence is

AFFIRMED.