IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-60970
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIAN SMITH

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CR-65-1

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Julian Smith appeals his guilty plea conviction. The Government has moved to dismiss the appeal, or in the alternative for summary affirmance, based on a waiver of appeal provision in Smith's plea agreement.

To the extent that Smith argues that his plea was not knowing and voluntary because he did not know he faced a 10-year minimum sentence, see United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990) ("Due process

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requires that a guilty plea be a knowing and voluntary act; the defendant must be advised of and understand the consequences of the plea."), the record belies the argument. The district court advised him that he faced a 10-year minimum at the plea hearing, and the plea agreement specifically advised him of the 10-year minimum. Smith stated at the plea hearing that he read and understood the plea agreement, and Smith's counsel stated that he had gone over the plea agreement with Smith. Smith's plea was knowing and voluntary, and he makes no allegation that he did not understand the waiver of appeal. See United States v. Cuevas-Andrade, 232 F.3d 440, 446 (5th Cir. 2000) ("In order to be effective, a waiver of the right to appeal must be informed and voluntary."). "So long as a plea is informed and voluntary, we will enforce a waiver of appeal." United States v. Dees, 125 F.3d 261, 269 (5th Cir. 1997). In any event, to the extent Smith argues that the district court simply committed a Rule 11 violation, Smith did not object below and has not met his plain error burden. See United States v. Vonn, 535 U.S. 55 (2002); United States v. Dominguez Benitez, 542 U.S. 74 (2004); United States v. Castro-Trevino, 464 F.3d 536, 541 (5th Cir. 2006) ("Because Castro-Trevino objects to the Rule 11 error for the first time on appeal, this court must review for plain error only.").

In light of the foregoing, the judgment of the district court is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for dismissal is DENIED as moot.