# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 3, 2011

No. 10-40594
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENISE MICHELLE JIMENEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-96-18

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Denise Michelle Jimenez appeals her guilty plea conviction for two counts of using a communication facility to facilitate a drug offense, in violation of 21 U.S.C. § 843(b), and the two consecutive four-year sentences that she received for these offenses.  Jimenez argues for the first time on appeal that the district court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to advise her of the court's obligation to consider the Sentencing Guidelines and its discretion to depart from those Guidelines if appropriate.  *See* Rule 11(b)(1)(M).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

She also contends that the parties' and the court's confusion about the statutory maximum sentence she faced establishes that she was not aware of the consequences of her plea. *See* Rule 11(b)(1)(H).

Where, as here, a defendant has not objected to a Rule 11 error in the district court, review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* In reviewing the effect of a Rule 11 violation, we may review the entire record, not just the plea hearing transcript. *Vonn*, 535 U.S. at 59.

In the instant case, Jimenez's plea agreement sufficiently advised her of the court's consideration of the Guidelines and her inability to withdraw her plea if her sentence was higher than anticipated. As Jimenez signed her plea agreement and acknowledged that she had read and understood it, this provided sufficient notice of the Rule 11 provision. *See United States v. Cuevas-Andrade*, 232 F.3d 440, 444-45 (5th Cir. 2000). Although the district court's explanation of the maximum sentence Jimenez faced under § 843(d) was originally confused, Jimenez has not shown that any error in advising her of the statutory maximum sentence affected her substantial rights because she does not now assert that she would not have pleaded guilty but for the erroneous admonishment, and she did not accept the district court's offer to withdraw her plea when the court rejected the defense interpretation of the plea agreement at sentencing. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Moreover, the record also confirms that the court properly advised Jimenez that it could impose two consecutive four-year sentences, which would result in an eight-year sentence; Jimenez stated that she understood this. Accordingly, she has not shown reversible, plain error. *See Puckett*, 129 S. Ct. at 1429.

No. 10-40594

Jimenez also asserts that her trial counsel rendered ineffective assistance during the plea and sentencing proceedings.  She contends that counsel did not understand how the Sentencing Guidelines worked, as reflected by his erroneous advice that Jimenez would receive no more than four years in prison.  She maintains that counsel should have requested specific performance of that four-year sentence in light of the Government's purported breach of the plea agreement.  Jimenez also contends that counsel should have requested that the district court downwardly depart to concurrent sentence and should have requested a downward variance based on psychological and emotional factors reflected in the presentence investigation report.  The record is insufficiently developed to allow consideration at this time of Jimenez's ineffective assistance claims.  *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).  Consequently, the judgment of the district court is AFFIRMED.