# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 12, 2012

Lyle W. Cayce
Clerk

No. 11-10477
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JOSE ARTURO LUJAN-RUIZ,

Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CR-55-1

Before SMITH, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Arturo Lujan-Ruiz (Lujan) appeals his conviction and a special condition of supervised release imposed following his guilty plea to being found unlawfully in the United States following deportation. Lujan argues that the district court erred in failing to comply with Federal Rule of Criminal Procedure 11(b)(1)(G) by failing to adequately inform him of the nature of the charge and in not confirming his understanding of the elements of the offense. Because Lujan did not object to these omissions in the district court, review is for plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). "When reviewing under a plain error standard, 'this court may consult the whole record when considering the effect of any error on substantial rights.'" *United States v Oliver*, 630 F.3d 397, 412 (5th Cir.), *cert. denied,* 132 S. Ct. 758 (2011) (citing *Vonn*, 535 U.S. at 59).

In conducting a guilty plea colloquy, a district court is required by Rule 11(b)(1)(G) to inform the defendant of the nature of the charges to which he is pleading and to ascertain that he understands those charges. *United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002). The district court did not review the specific elements of the offense with Lujan and did not specifically inquire whether he understood those elements. However, a review of the whole record—including Lujan's initial arraignment, rearraignment, plea memoranda, and the factual resume supporting the guilty plea—demonstrates that Lujan understood the nature of the illegal reentry charge. *See Dominguez Benitez*, 542 U.S. at 83; *Oliver*, 630 F.3d at 412. Lujan has failed to show that he would not have entered a guilty plea but for the omissions; thus, Lujan's substantial rights were not affected and the omissions do not constitute plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Lujan further argues that the district court did not advise him of its obligation to consider the 18 U.S.C. § 3553(a) factors at sentencing and did not ascertain whether his counsel had discussed those factors with him. Lujan complains that the record does not reflect that he was aware of all the factors that could be considered at sentencing or that the district court could depart upward at sentencing. Although it made no specific reference to the § 3553(a) factors during the rearraignment, the district court advised Lujan that it was required to consider the Sentencing Guidelines, admonished him that the

Guidelines were advisory, and informed him that, if warranted by the facts, it could impose up to the maximum statutory sentence. Lujan indicated to the district court that he understood that the maximum statutory term of imprisonment was 20 years. These admonitions were contained in the plea memorandum, which was acknowledged and signed by Lujan. The record reflects that Lujan was aware that the district court was not bound by the Guidelines and that it could sentence him above the guidelines range. Nothing in the record suggests that Lujan would have persisted in pleading not guilty if the district court had addressed the § 3553(a) factors specifically. *See Dominguez Benitez*, 542 U.S. at 80–83. This omission did not affect his substantial rights and, thus, did not constitute plain error. *Puckett*, 556 U.S. at 135.

Even considering the alleged errors cumulatively, the record and discussion above shows that Lujan possessed all the information that would have been likely to affect his willingness to plead guilty. Accordingly, the omissions did not materially affect the voluntariness of his plea. *See United States v. Cuevas-Andrade*, 232 F.3d 440, 445 (5th Cir. 2000); *see also Vonn*, 535 U.S. at 62–63.

Finally, Lujan argues that his sentence should be vacated and his case remanded to the district court because the special condition of supervised release that he be surrendered upon release to immigration officials for deportation contained in the written judgment was not included in the oral pronouncement of sentence. The Government concedes that the written judgment should be amended to conform to the oral pronouncement.

Because Lujan had no opportunity to raise this issue at sentencing, review is for an abuse of discretion. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). Where there is a conflict between a written judgment and an oral pronouncement at sentencing, the oral pronouncement controls. *Id.*; *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). The special condition requiring Lujan to report for deportation included in the written judgment was

in conflict with the oral pronouncement at sentencing and, thus, its inclusion was an abuse of discretion.

Accordingly, Lujan's conviction is AFFIRMED, his sentence is VACATED IN PART, and the case is REMANDED to the district court with instructions that the written judgment be amended to conform to the oral pronouncement.