# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 17, 2012

No. 10-20829
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALFREDO FRAUSTO MARTINEZ, also known as Alfredo Fausto-Martinez, also known as Alredo Martinez Frausto, also known as Alfredo Frausto-Martinez, also known as Alfredo Fausto Martinez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-457-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfredo Frausto Martinez pleaded guilty to illegal reentry following deportation; he was sentenced to 15-months' imprisonment and one-year's supervised release. Frausto contends his conviction should be vacated because, during rearraignment, the district court failed to explain: what a jury is; that he could have appointed counsel at "every stage" of his criminal proceeding; and the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20829

court's obligation to calculate correctly the Sentencing Guidelines and to consider departures from the Guidelines and the 18 U.S.C. § 3553(a) factors. Although Frausto concedes that no individual claimed error under Federal Rule of Criminal Procedure 11 warrants vacating his conviction, he contends their cumulative effect warrants such disposition.

As he concedes, Frausto did not raise any objections in district court to the rearraignment proceedings; therefore, review is only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). To show reversible plain error, Frausto must show a forfeited, plain (clear or obvious) error that affects his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, our court has the discretion to correct the plain error, but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceeding. *Id.*

During rearraignment, the district court advised Frausto: he had a right to trial; and he could not be convicted unless a jury unanimously found him guilty beyond a reasonable doubt. The district court complied with the Rule 11 requirement that it advise defendant of his right to a jury trial. Fed. R. Crim. P. 11(b)(1)(C). Regarding the other claimed Rule 11 errors, Frausto has not shown his substantial rights were affected. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (To establish substantial rights were affected, defendant "must show a reasonable probability that, but for the [Rule 11] error, he would not have entered the plea".). Likewise, the record does not show that the cumulative effect of the claimed errors materially affected Frausto's decision to plead guilty. *United States v. Cuevas-Andrade*, 232 F.3d 440, 445 (5th Cir. 2000).

AFFIRMED.