# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41322

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

RENE AMADO LARA-CASTRO,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-1060-1

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Rene Amado Lara-Castro pled guilty to one count of knowingly and intentionally possessing with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Sentenced to a 135 month term of incarceration, he argues to this court that the district court's failure during the Rule 11 plea colloquy to inform him of his right to the assistance of court appointed counsel if he could not afford retained counsel was reversible plain error. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41322

## I

On October 22, 2008, Rene Amado Lara-Castro drove a tractor-trailer into the United States Border Patrol checkpoint south of Falfurrias, Texas, for an immigration inspection. When questioned about his citizenship status, Lara-Castro provided a Border Patrol agent with his United States employment authorization card. While this agent was interviewing Lara-Castro, another agent conducted a free-air search of the tractor-trailer with a service canine. When the service canine alerted to the presence of contraband, the agents directed Lara-Castro to drive his tractor-trailer into a secondary inspection area.

Lara-Castro failed to stop in the secondary-inspection area; instead, Lara-Castro exited the checkpoint and drove away. Border Patrol agents pursued Lara-Castro, finding his tractor-trailer abandoned less than a mile from the checkpoint. The agents were unable to locate Lara-Castro. In searching the tractor-trailer, the agents found Lara-Castro's employment authorization card, his driver logbook, and a wallet that contained Lara-Castro's driver's license, social security card, and several credit cards. In the trailer, the agents found 143 bundles of marijuana, weighing 2,407.8 kilograms. Additionally, agents conducted latent fingerprint analysis on items located within the trailer, and one of these fingerprints matched with Lara-Castro's known fingerprints.

Nine days later, Lara-Castro was arrested in Memphis, Tennessee. He was indicted on one count of knowingly and intentionally possessing with intent to distribute more than 1,000 kilograms of marijuana, pled not guilty, and proceeded to a jury trial. Immediately before trial, Lara-Castro objected to the Government's fingerprint evidence, arguing that it should be excluded because the Government did not timely produce it and the defense had not had an adequate opportunity to retain its own expert to analyze it. The parties

No. 12-41322

agreed that the evidence was important for trial, as Lara-Castro maintained that he was not the driver of the tractor-trailer. The district court then excluded the evidence, concluding that its exclusion was warranted by the Government's impermissible, belated production.

At trial, the jury failed to reach a unanimous verdict. The district court declared a mistrial, and scheduled a date for retrial. The district court noted that the previously excluded fingerprint evidence would now be admissible, as the defense would have an adequate opportunity to retain its own expert.

Shortly thereafter, Lara-Castro entered a guilty plea to the one count charged in the indictment. The district court imposed a guidelines sentence of 135 months of incarceration to be followed by five years of supervised release. Lara-Castro, through counsel, filed a timely notice of appeal, but failed to take necessary steps to perfect the appeal. We then dismissed the appeal for want of prosecution.

Lara-Castro filed a *pro se* 28 U.S.C. § 2255 motion, arguing, *inter alia*, that his trial counsel rendered ineffective assistance by failing to prosecute properly his direct appeal. The district court found that Lara-Castro's counsel abandoned him on appeal. The district court then dismissed Lara-Castro's § 2255 motion without prejudice, and separately reentered the judgment on his criminal conviction. Lara-Castro then timely appealed *pro se*, and we granted his motion for appointment of counsel.

## II

Lara-Castro argues that the district court erred by not admonishing him during the Rule 11 plea colloquy that he had the right to be represented by appointed counsel if he proceeded to retrial. Lara-Castro argues that he had retained counsel during the district court proceedings, and he was not informed by any other sources as to his right to appointed counsel. Lara-Castro contends that he has had no previous experience with the criminal justice system, and

No. 12-41322

his limited formal education and basic literacy skills support his contention that he had no knowledge of his legal rights.

Our review is limited to plain error because Lara-Castro failed to object in the district court to the sufficiency of the plea colloquy.[1] To establish plain error, Lara-Castro must demonstrate (i) error, (ii) that is plain, and (iii) that effects his substantial rights.[2] To "demonstrate that his substantial rights were affected by the district judge's alleged failure to explain" the right to appointed counsel,[3] Lara-Castro "must show a reasonable probability that, but for the error, he would not have entered the plea."[4] If Lara-Castro establishes these three elements, we have discretion to correct plain error where it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."[5]

Before accepting a plea of guilty, Federal Rule of Criminal Procedure 11(b)(1)(D) requires the district court to "inform the defendant of, and determine that the defendant understands . . . the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding[.]" A Rule 11 omission maybe harmless where the record shows that there was an implicit admonition and the defendant understood the right he was giving up,[6] or where the omitted admonitions were in the plea agreement.[7]

---

[1] *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Oliver*, 630 F.3d 397, 411–12 (5th Cir. 2011).

[2] *See United States v. Olano*, 507 U.S. 725, 732 (1993).

[3] *Oliver*, 630 F.3d at 412.

[4] *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

[5] *Id.* (quoting *Olano*, 507 U.S. at 732 (1993)).

[6] *See, e.g.*, *United States v. Bachynsky*, 949 F.2d 722, 725–26 (5th Cir. 1991) ("A verbatim reading of Rule 11 . . . to the defendant is not required as long as the defendant understands the rights he forfeits by pleading guilty.").

[7] *See, e.g.*, *United States v. Cuevas-Andrade*, 232 F.3d 440, 444–45 (5th Cir. 2000) (harmless error where the "penalties . . . were fully and accurately explained in the signed plea agreement").

No. 12-41322

It is undisputed that the district court failed to inform Lara-Castro of his right to court appointed counsel.[8] And there is no basis in the record for concluding that Lara-Castro at rearraignment was otherwise informed of his right to court appointed counsel in the course of the plea colloquy; there is no indication in the plea colloquy that Lara-Castro was implicitly admonished of this right, nor was this admonition contained within the written plea agreement. Thus, the district court clearly erred by not insuring that Lara-Castro was admonished in accordance with Rule 11(b)(1)(D).

We turn to whether Lara-Castro has established that the district court's error affected his substantial rights. Lara-Castro argues (i) that he was never made aware of his right to the appointment of counsel, and (ii) that he was "obviously willing to go to trial," and he, therefore, suggests that he would not have pled guilty but for the district court's omission.

On review of the record, we conclude that Lara-Castro has failed to establish that the district court's error affected his substantial rights. To begin with, Lara-Castro was twice informed of his right to appointed counsel prior to the plea colloquy.[9] At his initial appearance, Lara-Castro was advised of his rights and signed a waiver indicating that he has been informed of his right to "retain counsel or request the assignment of counsel if [he is] unable to retain counsel[.]"[10] Likewise, a counsel determination hearing was held to determine whether Lara-Castro required appointed counsel.[11] Here, we find that Lara-

---

[8] *See Appellee's Br.* at 24 ("It is undisputed that, at rearraignment, the district court did not inform Lara . . . of his right to have counsel appointed 'if necessary.'").

[9] *See United States v. Mason*, 480 F.App'x 329, 333 (5th Cir. 2012) (unpublished, per curiam) ("the record reveals that [defendant] was aware of his right to appointed trial counsel notwithstanding the district court's error").

[10] R. 23.

[11] Supp. R. 26 (the magistrate judge explained to Lara-Castro that "you're here today because it's my understanding you haven't retained an attorney, and I was under the impression you needed a court appointed attorney").

No. 12-41322

Castro was made aware of his right to appointed counsel prior to the plea colloquy, and we find no reason to conclude that Lara-Castro did not recall these prior admonitions regarding his right to appointed counsel.[12]

Second, Lara-Castro has failed to demonstrate a reasonable probability that, but for the district court's error, he would not have pled guilty. To be sure, Lara-Castro argues that he was "obviously willing to go to trial," yet this does not establish a reasonable probability that, but for the Rule 11 error, he would have proceeded to trial. Importantly, the district court made clear that additional inculpatory evidence—namely, the fingerprint evidence linking Lara-Castro with the contents of the tractor-trailer—would have been admissible in a retrial.[13] And there is no indication in the record that the Rule 11 error can reasonably be viewed as having been a material factor affecting Lara-Castro's decision to plead guilty. Lara-Castro was represented by retained counsel throughout the district court proceedings, and there is no indication that he either needed or qualified for appointed counsel at the time of his guilty plea. Although Lara-Castro suggests that he might have had concerns about the ability to afford retained counsel for a second, he does not allege that he would have been without counsel had he proceeded to retrial.[14] Accordingly, the district court's Rule 11 error does not constitute plain error.

For these reasons, we AFFIRM.

---

[12] *C.f. Vonn*, 535 U.S. at 75 ("Because there are circumstances in which defendants may be presumed to recall information provided to them prior to the plea proceeding, . . . the record of [defendant's] initial appearance and arraignment is relevant in fact, and well within the Advisory Committee's understanding of 'other portions . . . of the limited record' that should be open to consideration.").

[13] Supp. R. 62

[14] *See United States v. Nogales*, No. 98-50655, 2000 WL 634629 (5th Cir. May 4, 2000) (Defendant "simply asserts that he 'might have been' worried about not being able to afford an attorney. Generalized speculation about possible harm certainly does not amount to an affect on [defendant's] substantial rights.").