# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51188
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNALDO MEDINA-SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1803

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Reynaldo Medina-Sanchez (Medina) pleaded guilty of illegal reentry and was sentenced within the guidelines range to a 24-month term of imprisonment and to a two-year period of supervised release. On appeal, Medina contends that his conviction should be overturned because the district court failed to advise him of his right to counsel and of its obligation to apply the Sentencing Guidelines.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51188

We have reviewed these questions for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To show plain error, Medina must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The district court failed to advise Medina of his right to counsel, appointed if necessary, at trial and at every stage of the proceeding. *See* FED. R. CRIM. P. 11(b)(1)(D). The error did not affect Medina's substantial rights, however. *See Puckett*, 556 U.S. at 135. Medina was represented initially by appointed counsel and did not equivocate in entering his guilty plea. He has not shown that there is a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see United States v. Cuevas-Andrade*, 232 F.3d 440, 445 (5th Cir. 2000).

Medina further contends that the district court did not address him personally and did not advise him adequately that it was obligated to consult the Guidelines. *See* FED. R. CRIM. P. 11(b)(1)(M). Because the record does not support these contentions, no error is discernible, plain or otherwise. The judgment is AFFIRMED.