# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50072
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE MICHAEL ENRIQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-206

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

George Michael Enriquez appeals his guilty plea conviction for aiding and abetting the possession with intent to distribute actual methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. He was sentenced to 108 months of imprisonment and five years of supervised release. He argues that the factual basis was insufficient to support his guilty plea and that the district court did not adequately explain the nature of the charge as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50072

required by Federal Rule of Criminal Procedure 11(b)(1).  Because Enriquez raises these arguments for the first time on appeal, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 58–59 (2002).  To show plain error, the appellant must show a forfeited error that is clear or obvious, that affects his substantial rights, and that seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The indictment charged and Enriquez pled guilty to the knowing and intentional aiding and abetting of possession with intent to distribute actual methamphetamine.  At rearraignment, the court read the indictment and reviewed the charges specified in the indictment.  Enriquez answered in the affirmative when asked whether he understood.  The district court did not plainly err in determining that Enriquez understood the nature of the charge. *See Dominguez Benitez*, 542 U.S. at 83; *see also United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000); *United States v. Dayton*, 604 F.2d 931, 942–43 (5th Cir. 1979).

The government was required to prove that Enriquez knowingly and intentionally aided and abetted possession of a controlled substance with the intent to distribute.  *See United States v. Pando Franco*, 503 F.3d 389, 394 (5th Cir. 2007); *United States v. Martinez-Lugo*, 411 F.3d 597, 599 n.1 (5th Cir. 2005).  Enriquez admitted in the factual basis that he delivered the methamphetamine to the cooperating source, but he challenges whether the factual basis established that he did this knowing that he was delivering a controlled substance. The record as a whole, including the indictment, the plea agreement, the plea colloquy, and the presentence report, demonstrates that Enriquez knowingly aided and abetted the possession of the methamphetamine with the intent to distribute it.  The district court did not

2

plainly err in determining that there was a factual basis for the plea. *See United States v. Trejo*, 610 F.3d 308, 313, 317 (5th Cir. 2010).

Enriquez argues that his waiver of appeal should not be enforced because the government breached the plea agreement by failing to make a motion pursuant to U.S.S.G. § 3E1.1(b) for the third point for acceptance of responsibility. Enriquez did receive the three-level reduction; there was no breach.

Enriquez argues that the district court erred in sentencing him for actual methamphetamine when he did not admit to possessing actual methamphetamine. The government asserts that Enriquez waived his right to appeal his sentence. Aside from his contention that the government breached the plea agreement, Enriquez does not challenge the government's assertion of the waiver of appeal. Because Enriquez makes no other argument challenging the enforceability of the appeal waiver, the waiver is enforced, and his appeal of the sentence is dismissed. *See United States v. Hildenbrand*, 527 F.3d 466, 479 (5th Cir. 2008).

CONVICTION AFFIRMED; APPEAL OF SENTENCE DISMISSED.