# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

─────────

No. 16-10028
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2016

Lyle W. Cayce
Clerk

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RYAN ANTHONY WINNER,

Defendant - Appellant

─────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CR-13-1

─────────

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ryan Anthony Winner pleaded guilty to two counts of sexually exploiting a minor for the purpose of creating child pornography, in violation of 18 U.S.C. § 2251(a). He was sentenced, *inter alia*, to consecutive terms of 30 years' imprisonment, with concurrent terms of 15 years' supervised release. He contends the district court's admonishments regarding the nature of the offense, the minimum and maximum punishments applicable to each count,

─────────

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the nature of supervised release, and, even though he is a United States citizen, the immigration consequences of his plea were erroneous and warrant relief.    He further claims the special condition of supervised release prohibiting, *inter alia*, contact with the victim is plainly erroneous because it is unlawfully vague and fails to provide adequate notice of the prohibited conduct.  Finally, Winner asserts the sentence pronounced orally by the court conflicts with the written judgment and statement of reasons attached to it.

Federal Rule of Criminal Procedure 11 "ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea". *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).  Because Winner failed in district court to object to the Rule 11 plea colloquy, review is only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002).  Under that standard, Winner must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *United States v. Olano*, 507 U.S. 725, 736 (1993).

Together, the factual resume, Rule 11 colloquy, and presentence investigation report (PSR) accurately informed Winner of:  the elements of the offense; the minimum and maximum statutory punishments that applied to each count (including the total sentence that could be imposed if the court ordered the sentences to be served consecutively); the nature of supervised release and consequences of any revocation; and the role of the Sentencing Guidelines.  Notably, Winner did not move to withdraw his guilty plea upon receipt of the PSR, which stated he could be subject to a total term of imprisonment of 60 years.  Thus, any error as to the Rule 11 colloquy regarding

No. 16-10028

the nature of the offense, the applicable punishments, or the nature of supervised release is harmless. *See United States v. Alvarado-Casas*, 715 F.3d 945, 954-55 (5th Cir. 2013); *United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000) (district court's failure to personally address the defendant about the nature of the charges and the statutory punishments was harmless because the required information was accurately set forth in the plea agreement and attached factual resume).

Further, Winner fails to cite any evidence in the record establishing he would have not pleaded guilty but for the Rule 11 errors he alleges. Accordingly, Winner fails to demonstrate any of the claimed errors affected his substantial rights. *See United States v. Molina*, 469 F.3d 408, 412 (5th Cir. 2006).

Regarding the special condition of supervised release prohibiting contact with the victim, Winner makes no contentions regarding how the claimed error affects his substantial rights or why our court should exercise our discretion to correct it. Accordingly, by failing to address the third and fourth prongs of the plain-error standard, he waived this contention. *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (inadequately briefed issues are deemed waived). In any event, Winner maintains the denial of fair notice, standing alone, warrants the exercise of this court's discretion. We have rejected similar arguments, however, on the grounds that such an "approach would collapse the fourth prong into the first three". *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015).

Finally, we discern no conflicts between the orally-pronounced sentence and the judgment with attached statement of reasons. *United States v. Bigelow*, 462 F.3d 378, 380–81 (5th Cir. 2006) (no conflict if the written judgment merely clarifies an oral pronouncement). The record demonstrates:

3

No. 16-10028

the court intended to impose a sentence of 30 years on each count; the special condition of supervised release applies only to the minor victim identified in the indictment; and the statement of reasons merely clarifies the court's oral explanation for the sentence imposed. Nevertheless, there is a clerical error in the judgment: it erroneously states Winner's two 360-month sentences will run concurrently, rather than consecutively, to total 720 months.

Accordingly, we order a LIMITED REMAND for the purpose of correcting this clerical error in the judgment. *See* Fed. R. Crim. P. 36. In all other respects, the judgment is AFFIRMED.