# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50672
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARGARITA MORA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-16-2

Before JONES, OWEN, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Margarita Mora appeals her guilty-plea conviction for possession with the intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). Mora's punishment range was enhanced based on her 2009 conviction for conspiring to manufacture methamphetamine. Mora contends that the district court violated her due process rights and Federal Rule of Criminal Procedure 11 by failing to properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50672

admonish her regarding the nature of her charge and her mandatory minimum punishment.  To the extent that Mora is attempting to characterize her Rule 11 claim as a due process challenge, her argument is misplaced because Rule 11 is designed to ensure "that a guilty plea is knowing and voluntary." *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).

As Mora concedes, her arguments on appeal are subject to plain error review because she did not raise them in her district court proceedings.  *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  Under the plain error standard, Mora "must demonstrate that the district court committed an error that was clear or obvious and that affected [her] substantial rights and that the error has a serious effect on the fairness, integrity, or public reputation of judicial proceedings." *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012) (internal quotation marks omitted) (quoting *United States v. Thompson*, 454 F.3d 459, 464 (5th Cir. 2006)).  To show that the error affected her substantial rights, Mora "must demonstrate 'a reasonable probability that, but for the error, [s]he would not have entered the plea.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Mora has failed to show error, plain or otherwise, with respect to the district court's admonishment regarding the nature of her charge.  *See* FED. R. CRIM. P. 11(b)(1)(G).  At the rearraignment hearing, Mora's indictment was read aloud twice; after each reading, Mora was asked whether she understood the charge, and both times she confirmed that she did.  As we have held, "in cases involving simple charges, a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice to inform the defendant of the nature of the charge." *United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000) (internal quotation marks omitted) (quoting *United States v. Dayton*, 604 F.2d 931, 938 (5th Cir. 1979) (en banc)).

No. 18-50672

Furthermore, contrary to Mora's contention, an enhancement based on the fact of a prior conviction is not an element of the offense to which a defendant must plead. *See Alleyne v. United States*, 570 U.S. 99, 103, 111 n.1 (2013); *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

Additionally, Mora has failed to show plain error with respect to the district court's admonishment regarding her mandatory minimum prison term. *See* FED. R. CRIM. P. 11(b)(1)(I). Mora asserts that the magistrate judge confused her by discussing both her unenhanced and enhanced punishment ranges and failed to make clear that her minimum prison sentence would in fact be 10 years. Even if we assumed arguendo that the district court clearly erred in this regard, Mora has failed to show that any such error affected her substantial rights. *See Broussard*, 669 F.3d at 546. In her initial brief, Mora failed even to assert, much less to establish, that there is a reasonable probability that she would not have entered her guilty plea but for the alleged Rule 11 error. *See id.* We will not consider Mora's assertion of such an argument for the first time in her reply brief. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Finally, there is no merit to Mora's contention that the reasonable probability showing is unnecessary because the alleged Rule 11 error inherently affected her substantial rights. *See Dominguez Benitez*, 542 U.S. at 83; *Broussard*, 669 F.3d at 546. In light of this binding caselaw, Mora's reliance on a conflicting non-precedential unpublished decision is misplaced. *See* 5TH CIR. R. 47.5.4.

The judgment of the district court is AFFIRMED.