# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2020

Lyle W. Cayce
Clerk

No. 18-20520
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO MANUEL PANDALES-VALENCIA, also known as Swimmer,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-389-5

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Pedro Manuel Pandales-Valencia pleaded guilty pursuant to a plea agreement to a single count of conspiracy to possess with intent to distribute five kilograms or more of cocaine. He was sentenced to 87 months of imprisonment. On appeal, Pandales-Valencia argues that his guilty plea was involuntary due to the district court's failure to properly admonish him pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20520

This court reviews allegations of Rule 11 error raised for the first time on appeal, such as in this case, for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To establish plain error, Pandales-Valencia must show (1) a forfeited error, (2) that is clear or obvious, and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To show that a Rule 11 error affected his substantial rights, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). If the defendant makes such a showing, we have the discretion to correct the error and should do so if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett*, 556 U.S. at 135.

At rearraignment, Pandales-Valencia confirmed that he knew that, following his conviction, he would be removed from the United States. However, the district court did not discuss any other possible immigration consequences of his plea. Although the district court deviated from the requirements of Federal Rule of Criminal Procedure 11(b)(1)(O), Pandales-Valencia was advised about the potential immigration consequences he faced by his written plea agreement, which he acknowledged thoroughly reviewing and fully understanding with the assistance of his counsel. *See United States v. Cuevas-Andrade*, 232 F.3d 440, 444-45 (5th Cir. 2000). Thus, because we conclude that Pandales-Valencia has failed to demonstrate that he would have pleaded differently absent the district court's Rule 11 error, he has not established plain error. *See Dominguez Benitez*, 542 U.S. at 83.

AFFIRMED.