# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50432
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY AYERS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-234-12

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Terry Ayers pleaded guilty to conspiracy with intent to distribute and distribution of at least one kilogram of heroin. The district court sentenced him to 120 months of imprisonment and five years of supervised release. Ayers challenges his conviction on multiple grounds.

Ayers contends that the district court violated Federal Rule of Criminal Procedure 11(c)(1) by participating in the plea process and coercing him to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50432

plead guilty.  Because he did not raise this objection in the district court, plain error review applies.  *See United States v. Davila*, 133 S. Ct. 2139, 2150 (2013).

At a pretrial hearing on a motion to withdraw counsel, the district court made comments that Ayers contends implicate Rule 11(c)(1)'s bar against judicial intervention in the plea process.  However, the record reflects that the district court's comments, which were made without a plea agreement having been negotiated or ongoing plea negotiations, were not coercive.  The district court did not interfere with the plea process by, inter alia, advocating for a guilty plea, expressing a belief about Ayers's guilt, suggesting that Ayers should plead guilty to avoid a less significant sentence, or indicating that there would be adverse consequences if he failed to plead guilty.  *See United States v. Hemphill*, 748 F.3d 666, 673-77 (5th Cir. 2014).  Further, the record as a whole supports that any error did not affect Ayers's substantial rights because there is no indication that he would not have pleaded guilty but for any error; the record instead reflects that Ayers, without vacillating, entered a knowing and voluntary plea that he at no time sought to withdraw.  *See Davila,* 133 S. Ct. at 2150; *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Ayers maintains that there was an insufficient factual basis to support his guilty plea.  He contends that the factual conduct did not establish that he participated in a conspiracy to distribute heroin but rather showed that he had a buyer-seller relationship with members of the conspiracy. Because Ayers did not object below to the sufficiency of the factual basis, our review is for plain error, *see United States v. Oliver*, 630 F.3d 397, 415 (5th Cir. 2011), and we may consider the entire record.  *United States v. Vonn*, 535 U.S. 55, 74 (2002).

Here, the record as a whole was sufficient to permit the district court to find that Ayers agreed with others to violate the narcotics laws, knew that he had such an agreement, and voluntarily participated in the agreement.  *See*

*United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). The record supports that Ayers collaborated with others to advance the distribution of heroin for a drug-trafficking organization led by Armado Pardo. Over a period of months, Ayers and members of the Pardo organization engaged in agreed-upon, daily transactions in which Ayers would buy heroin for resale to regular customers. *See United States v. Maseratti*, 1 F.3d 330, 338 (5th Cir. 1993). The parties understood that Ayers, who was part of a network of street-level dealers, would resell the heroin for the benefit of the Pardo organization. *See United States v. Casel*, 995 F.2d 1299, 1306 (5th Cir. 1993). Ayers, who was captured on more than 150 wiretap interceptions discussing the purchase of heroin, bought one or two balloon packs of heroin each day from the Pardo organization and, during his involvement with the organization, was responsible for 998 grams of heroin. *See United States v. Akins*, 746 F.3d 590, 605 (5th Cir. 2004). Thus, there is no error, and certainly no clear or obvious error, in the district court's acceptance of the factual basis. *See United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc).

Ayers asserts that his guilty plea was not voluntary because he did not understand the nature of the charge to which he was pleading. He argues that the district court did not explain the meaning of "conspiracy." Because Ayers did not object on this basis in the district court, review is for plain error. *See Vonn*, 535 U.S. at 59.

While the district court did not explicitly explain the term "conspiracy," the indictment—which alleged that Ayers agreed with others to possess with intent to distribute one kilogram or more of cocaine, knew about the agreement and entered into it with his coconspirators, and voluntarily participated in the conspiracy—was read at the rearraignment. Ayers averred that he reviewed the indictment with counsel, understood the charge against him, and intended

No. 13-50432

to plead guilty to it. He did not express confusion or ask any questions about the charges. Thus, even if the district court's explanation was inadequate, Ayers has not shown an effect on his substantial rights. *See United States v. Reyes*, 300 F.3d 555, 559-60 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.