# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50253
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES SCOTT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-176-3

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Charles Scott appeals his guilty-plea conviction for possessing with intent to distribute heroin and conspiring to do so. He contends that the magistrate judge made errors under Federal Rule of Criminal Procedure 11 when taking his plea. He also says that the district court never actually accepted the plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50253

Scott did not raise any of these issues in the district court, so his contentions are reviewed for plain error. *See United States v. Vonn*, 535 U.S. 55, 62-63 (2002). Scott must show that a forfeited error was "clear or obvious, rather than subject to reasonable dispute," and that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does, we have the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the court proceedings. *Id.*

To show that a Rule 11 error affected his substantial rights, Scott "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Scott argues, however, that he need not make that showing because he is not stating a Rule 11 claim but rather a due-process claim that his plea was not knowing and voluntary. His attempt to recast his Rule 11 claims is invalid because Rule 11 is designed to ensure "that a guilty plea is knowing and voluntary." *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002); *see also United States v. Cuevas-Andrade*, 232 F.3d 440, 445 n.3 (5th Cir. 2000) (noting that "compliance with Rule 11" is intended to preclude appeals "where the technical violations do not materially affect the defendant's decision to plead guilty"). At best, Scott offers an assortment of "instructive cases" from which we are invited to extract an argument. We are not required to fashion theories for appellants. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (discussing pro se appellants).

Moreover, "[t]he omission of a single Rule 11 warning without more is not colorably structural," and is thus not reversible without a showing that it affected the proceedings. *Dominguez Benitez*, 542 U.S. at 81 & n.6. Further, in *United States v. Davila*, 133 S. Ct. 2139 (2013), the Court emphasized that the class of errors triggering automatic reversal is "very limited" and that

nothing in Rule 11 "singles out any instruction as more basic than others." *Id.* at 2149. The Court explained that Rule 11(h) "calls for across-the-board application of the harmless-error prescription (or, absent prompt objection, the plain-error rule)." *Id.* Scott's assertion that he need not show that any Rule 11 error affected his plea is without arguable merit.

Likewise devoid of merit is Scott's contention that the cumulative effect of Rule 11 omissions amounted to structural error. There is no support for his proposition "that numerous Rule 11 omissions, taken together, may transform otherwise harmless error into reversible error sufficient to compel remand for repleading." *Cuevas-Andrade*, 232 F.3d at 445 (internal quotation marks and citation omitted). Rather, "every alleged Rule 11 violation must be tested under the harmless error standard of Rule 11(h), and we may not create reversible error out of a series of harmless errors unless the cumulative effect would sustain a conclusion that the voluntariness of his plea was materially affected." *Id.*

Because Scott relies on the meritless proposition that he need not show that any error affected his decision to plead guilty, he declines to make any such argument and thus abandons that crucial issue. *See Reyes*, 300 F.3d at 558 n.2. Moreover, nothing in the record or pleadings suggests that any Rule 11 omission could reasonably have affected Scott's decision to plead guilty. *See Dominguez Benitez*, 542 U.S. at 83.

Finally, Scott asserts that the district court did not explicitly accept his plea and cannot be found to have done so implicitly. The district court accepted the plea by entering a judgment of guilt and sentencing the defendant. *See United States v. Sanford*, 429 F.3d 104, 107 n.2 (5th Cir. 2005).

The judgment is AFFIRMED.