# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11135
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LUCAS CARBAJAL-GONZALEZ, also known as Lucas Carbajal,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-201-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lucas Carbajal-Gonzalez pleaded guilty to conspiring to possess with intent to distribute methamphetamine, and he was sentenced within the applicable guidelines range to 240 months of imprisonment. For the first time on appeal, he challenges the sufficiency of the factual basis for his guilty plea and the procedural reasonableness of his sentence. We review for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (factual basis);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11135

*United States v. Benitez*, 809 F.3d 243, 249 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1694 (2016) (sentence).

To prove a conspiracy under 21 U.S.C. § 846, the Government had to establish that (1) an agreement existed between two or more persons to violate the narcotics laws, (2) Carbajal-Gonzalez knew of the existence of the agreement, and (3) he voluntarily participated in the conspiracy. *See United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011).

In this case, Carbajal-Gonzalez admitted that he received methamphetamine from unknown individuals in Arkansas and Texas; that on occasion, he delivered methamphetamine to others in Dallas and Fort Worth, Texas; and that he was arrested on his way to Fort Worth in possession of approximately two kilograms of methamphetamine. In addition, the presentence report (PSR)—which the district court adopted without objection—contained facts and circumstances, including corroborated statements of a confidential informant, from which an agreement to violate federal drug laws and Carbajal-Gonzalez's knowledge and participation could be inferred. *See United States v. Lechuga*, 888 F.2d 1472, 1476-77 (5th Cir. 1989). Further, the facts set forth in the PSR support the conclusion that at least one other coconspirator did exist and that Carbajal-Gonzalez conspired with him; thus, contrary to Carbajal-Gonzalez's argument, the factual basis is not insufficient because it fails to identify any other coconspirators by name. *See United States v. Mitchell*, 792 F.3d 581, 582-83 (5th Cir. 2015) (per curiam). Nothing suggests that Carbajal-Gonzalez was merely an acquirer or street-level user, such that the buyer-seller exception would apply in his case. *See United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc).

Moreover, even assuming Carbajal-Gonzalez could show a clear or obvious error, he has not shown a reasonable probability that, but for the error,

he would not have entered his guilty plea. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Accordingly, Carbajal-Gonzalez has not shown that the district court plainly erred in finding a legally sufficient basis for his guilty plea. *See Trejo*, 610 F.3d at 313, 317.

In his first sentencing challenge, Carbajal-Gonzalez complains about the district court's imposition of the two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. However, his argument that a ranch does not qualify as a "premises" under the Guidelines misconstrues the record, as the PSR explicitly referred to a house, or residence, on a ranch near Little Rock, Arkansas. Carbajal-Gonzalez offers no legal support for his conclusory argument that a premises must be specifically identified as a prerequisite to its use for the application of a § 2D1.1(b)(12) enhancement. Further, he presented no evidence to rebut the informant's statements that the house on the ranch was used to store kilogram-quantities of drugs. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Carbajal-Gonzalez has not shown that the district court plainly erred in applying § 2D1.1(b)(12) in this case. *See id.*; § 2D1.1(b)(12) & cmt. n.17.

We turn next to Carbajal-Gonzalez's argument that the district court erred in applying the two-level leadership or management role enhancement under U.S.S.G. § 3B1.1(c). Here, the PSR recounted, inter alia, that Carbajal-Gonzalez sometimes used the informant's residence as a staging location for shipments of heroin; that he instructed the informant to receive delivery of a truck that was payment for a quantity of methamphetamine; that he supplied an individual in Dallas with three kilograms of heroin per week; that he sent an individual to Fort Worth in June 2014 to obtain a drug shipment; and that

an individual who worked for Carbajal-Gonzalez was arrested in New York in July 2014 with two kilograms of heroin.  Based on this information, the district court could infer that Carbajal-Gonzalez exercised managerial responsibility over at least one other participant in the conspiracy.  *See* § 3B1.1(c) & cmt. n.2; *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995).  Additionally, Carbajal-Gonzalez's contention that none of the aforementioned persons qualified as a "participant" under § 3B1.1 is meritless.  Even assuming the informant did not qualify as a participant, the other individuals referenced in the PSR did.  *See* § 3B1.1, cmt. n.1; *see also United States v. Mitchell*, 792 F.3d 581, 582-83 (5th Cir. 2015) (per curiam) (noting that coconspirators do not need to be identified).  Nothing in the record supports a finding, as Carbajal-Gonzalez suggests, that the unnamed individuals were merely customers or end-users.

Finally, Carbajal-Gonzalez challenges the two-level importation enhancement he received under § 2D1.1(b)(5).  However, his newly asserted challenges to the importation enhancement raise factual issues which could have been resolved by the district court upon proper objection at sentencing, and he therefore cannot show plain error.  *See United States v. Fierro*, 38 F.3d 761, 774 (5th Cir. 1994).  Carbajal-Gonzalez's argument that the Guideline has a mens rea requirement is foreclosed by *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.