# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11554
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER LEE,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-122-15

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Christopher Lee pleaded guilty to conspiring to possess, with intent to distribute, 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846; 841(a)(1), (b)(1)(B). He was sentenced, following a downward departure, to 240 months' imprisonment, below the advisory Sentencing Guidelines range of 360 to 480 months, to be followed by three years' supervised release.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11554

Lee presents two issues.  He asserts errors in the colloquy, pursuant to Federal Rule of Criminal Procedure 11, warrant reversal of his guilty-plea conviction.  And, he contends the district court violated his Sixth Amendment right to a jury trial by finding he was responsible for approximately 4.7 kilograms of actual methamphetamine, as recommended in his presentence investigation report (PSR), rather than the quantity charged in the superseding information:  50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

At Lee's rearraignment, the magistrate judge allowed Lee to waive the reading of his charging instrument and factual resume, and did not advise Lee regarding his maximum term of supervised release.  As Lee concedes, because he did not object to his Rule 11 colloquy, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Lee must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Lee has not made the required showing.  The record demonstrates Lee advised the magistrate judge he had reviewed the information and factual resume; and he affirmed the information and factual resume had been read to him, agreed with the facts stated, and confirmed his signature appeared on the factual resume.  Lee asserts his acknowledgements could not be effective because he cannot read, but the magistrate judge phrased his questions to Lee in a manner recognizing Lee could not do so.  Accordingly, the court's variance from Rule 11 was, at best, harmless error.  *See United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000).  Therefore, it does not rise to the

level of reversible plain error. *See Puckett*, 556 U.S. at 135. Further, there is no indication in the record that Lee did not understand, or was confused by, the nature of the conspiracy charge or the facts underlying it, nor does he identify any such instances. *Cf. United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir. 1994).

Additionally, the court's not stating the maximum term of supervised release was not plain error because the admonition that his supervised-release term would be "not less than four years" includes the possibility of a maximum term of life. *See, e.g.*, *United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009).

As Lee concedes, he failed to object to the court's findings of fact as they related to the relevant drug quantity; again, review is for plain error. *E.g.*, *Puckett*, 556 U.S. at 135. Noting he pleaded guilty to a conspiracy involving 50 grams or more of a mixture and substance containing methamphetamine, not the 4.7 kilograms of actual methamphetamine recommended in the PSR, he asserts the court's finding resulted in his statutory minimum imprisonment being erroneously increased from five to 10 years, and his statutory maximum from 40 years to life. But, to the extent Lee contends his Guidelines range was unconstitutionally increased based on the court's factual findings, there is no evidence in the record, as discussed below, that Lee's statutory minimum and maximum ranges were increased based on drug-quantity findings. There was no plain error.

In his factual resume, Lee stipulated to being involved in a conspiracy involving 50 grams or more of methamphetamine, resulting in a punishment range of between five and 40 years' imprisonment, and he admitted to the elements of the offense at rearraignment. The PSR specifically noted a statutory range of five to 40 years imprisonment, and the court properly

limited the advisory Guideline sentencing range, reflecting a 40-year maximum sentence. Moreover, to the extent Lee's contention is directed at the court's factual findings related to drug quantity for purposes of applying the Guidelines, such findings do not violate the Sixth Amendment. *See United States v. Romans*, 823 F.3d 299, 316–17 (5th Cir. 2016).

AFFIRMED.