# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY JEROME,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-68-20

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Rodney Jerome appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute methamphetamine. In his first assignment of error, he argues that the district court plainly erred by encouraging him to waive reading of the indictment at rearraignment, that the court likewise failed to have his factual basis read into the record, and that the court's statements at rearraignment demonstrate its unfamiliarity with his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50191

indictment and factual basis. In light of this, Jerome argues that the court failed to satisfy itself "subjectively" that there was a sufficient factual basis to support his plea, violating Federal Rule of Criminal Procedure 11(b)(3) and his due process rights.

Jerome's attempt to recast his Rule 11 claim as a due process claim is invalid. *See United States v. Scott*, 587 F. App'x 201, 202 (5th Cir. 2014). The record indicates that Jerome received his indictment and understood the charges against him and that he reviewed his factual basis with defense counsel, who raised Jerome's concerns with the factual basis at rearraignment. Any omission at rearraignment was, at best, harmless and did not affect Jerome's substantial rights. *See United States v. Lee*, 694 F. App'x 318, 318-19 (5th Cir.), *cert. denied*, 2017 WL 4099741 (Oct. 30, 2017) (No. 17-5972); *see also United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

The factual basis, moreover, was sufficiently specific to allow the district court to determine that Jerome's conduct fell within the ambit of a 21 U.S.C. § 846 drug conspiracy. *See United States v. Rodriguez*, 831 F.3d 663, 666 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 675 (2017). Jerome has shown no clear or obvious error. *See Broussard*, 669 F.3d at 546; *Scott*, 587 F. App'x at 202.

In his second assignment of error, Jerome argues that the district court erred in denying a mitigating role adjustment under U.S.S.G. § 3B1.2(a). In support of this claim, Jerome contends that he was substantially less culpable than the average participant and that the district court erred by relying on an outdated version of the Sentencing Guidelines, misunderstanding the law on conspiracy, and erroneously finding at sentencing that he stored drugs for more than one person and hid guns.

Notwithstanding Jerome's arguments, the district court's factual finding that Jerome was not a minimal or minor participant in the conspiracy was

plausible in light of the whole record.  *See United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017).  At sentencing, the court adopted the factual findings in the presentence report.  *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).  In light of Jerome's factual basis, the presentence report, and the arguments of counsel at sentencing, the court weighed the non-exhaustive factors set forth in the commentary of U.S.S.G. § 3B1.2 and rejected the arguments in favor of a mitigating role adjustment.  *See United States v. Torres-Hernandez*, 843 F.3d 203, 209-10 (5th Cir. 2016).

The record further shows that the district court identified the proper standard in considering Jerome's arguments, *see United States v. Castro*, 843 F.3d 608 613 (5th Cir. 2016), and the court's statements do not reference an older version of the Sentencing Guidelines, indicate reliance on an outdated version, or show a misunderstanding of conspiracy law, *see, e.g., United States v. Haines*, 803 F.3d 713, 740 (5th Cir. 2015).  Furthermore, even if it is assumed that the court's statements regarding Jerome storing drugs for more than one person and hiding guns constituted clear or obvious error, Jerome has shown no affect on his substantial rights as he observes only that § 3B1.2's commentary permits an adjustment when a defendant has stored drugs. Although the guideline commentary provides that a defendant may be eligible for a mitigating role adjustment when he is sentenced only on the basis of his own conduct and his participation is limited to transporting or storing drugs, the adjustment is not required.  *See* § 3B1.2, comment. (n.3(A)).  In any event, the record showed, inter alia, that Jerome both delivered and stored drugs.

Finally, Jerome, in his third assignment of error, argues that he should not have received a two-level enhancement of his offense level under U.S.S.G. § 2D1.1(b)(5) because he qualified for a mitigating role adjustment under § 3B1.2.  Because we discern no error in the district court's denial of a

No. 17-50191

mitigating role adjustment, Jerome was eligible for the § 2D1.1(b)(5) enhancement.

AFFIRMED.