# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30829

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

NOEL JONES, also known as Skinny Jones,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2020

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Louisiana

Before CLEMENT, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Appellant Noel Jones argues that his conviction for conspiracy to distribute a kilogram or more of heroin should be vacated because (1) his factual basis was inadequate, (2) the district court improperly instructed him about the government's burden in proving the drug quantity, rendering his guilty plea unknowing and involuntary, and (3) he received ineffective assistance of counsel. We find no reversible error and AFFIRM.

## I.

On March 27, 2014, Jones was charged in a 30-count indictment with conspiring, along with 11 other people, to distribute at least a kilogram of

No. 17-30829

heroin between the years 2011 and 2014. In addition to conspiracy, the indictment charged Jones with six substantive drug offenses and being a felon in possession of a firearm. On March 31, 2015, Jones pleaded guilty to Count One of the indictment, which was the conspiracy charge. The court dismissed the remaining counts against him.

On June 24, 2015, the court sentenced Jones to 327 months imprisonment, with 87 months running concurrently to a previously imposed state sentence, and 5 years of supervised release.

Jones did not file a direct appeal. On June 24, 2016, Jones filed a motion under 28 U.S.C. § 2255 to vacate or set aside his sentence. He argued that his counsel was ineffective for multiple reasons, including because he failed to file a notice of appeal when Jones requested that he do so. On September 27, 2017, the district court reinstated the judgment in order to re-start Jones's time to file an appeal. Jones filed a timely notice of appeal on October 11, 2017.

## II.

Because Jones did not raise any of his arguments before his sentence was imposed, the appropriate standard of review is plain error. *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). In order to prevail under that standard, Jones must show that he did not intentionally relinquish or abandon the claim of error, the error was plain, clear, or obvious, and the error affected his substantial rights. *United States v. Perez-Mateo*, 926 F.3d 216, 218 (5th Cir. 2019). "Where those three conditions are met, and the error also 'seriously affects the fairness, integrity or public reputation of judicial proceedings,' then 'the court of appeals should exercise its discretion to correct the forfeited error.'" *Id.* (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)).

No. 17-30829

## III.

Jones argues that the factual basis for his guilty plea was inadequate, his plea was involuntary because the district court misinformed him of the government's burden of proof, and that he received ineffective assistance of counsel. We address each argument in turn.

### A.     Sufficiency of the Factual Basis

According to Jones, the government's factual basis did not support his involvement in a larger conspiracy involving all twelve defendants and a kilogram of heroin. Upon reviewing the record, we conclude that Jones's guilty plea was adequately supported by his factual basis.

"A district court cannot enter a judgment of conviction based on a guilty plea unless it is satisfied that there is a factual basis for the plea." *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008) (citing Fed. R. Crim. P. 11(b)(3)). "An appellate court reviews the district court finding that there was a factual basis for a guilty plea according to a clear error standard." *United States v. Reasor*, 418 F.3d 466, 474 (5th Cir. 2005). "In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *Trejo*, 610 F.3d at 313. The record must contain factual allegations indicating that the defendant committed each element of the crime, rather than mere conclusory statements of the legal elements. *See United States v. Adams*, 961 F.2d 505, 508–09 (5th Cir. 1992). To determine whether the factual basis is sufficient, the court compares "(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment or information." *Hildenbrand*, 527 F.3d at 474–75 (quoting *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc)).

"To prove the offense of conspiracy to distribute a controlled substance, the government must establish (1) the existence of an agreement between two

or more persons to violate narcotics laws, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's voluntary participation in the conspiracy." *United States v. Fuchs*, 467 F.3d 889, 908 (5th Cir. 2006); *see also United States v. Morgan*, 117 F.3d 849, 853 (5th Cir. 1997). "Direct evidence of a conspiracy is unnecessary; each element may be inferred from circumstantial evidence." *United States v. Mitchell*, 484 F.3d 762, 768–69 (5th Cir. 2007) (quoting *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994)). "While a conspiracy conviction is supported by mere proof of an agreement involving drugs, and does not require actual possession and seizure of the drugs, the Government still must prove the quantity of drugs involved in the conspiracy." *United States v. Daniels*, 723 F.3d 562, 571 (5th Cir.), *on reh'g in part*, 729 F.3d 496 (5th Cir. 2013). The government must also prove "the conspiracy charged" rather than "some other conspiracy." Pattern Crim. Jury Instr. 5th Cir. § 2.16 (2019). "If . . . a defendant was not a member of the conspiracy charged in the indictment, then . . . that defendant [is] not guilty, even though that defendant may have been a member of some other conspiracy." *Id.*

Whether the evidence establishes a single conspiracy or multiple conspiracies is a question of fact. *United States v. Simpson*, 741 F.3d 539, 548 (5th Cir. 2014). "[T]he primary factors to be considered in determining whether a single conspiracy was proven are (1) the existence of a common goal, (2) the nature of the scheme, and (3) the overlapping of participants in the various dealings." *United States v. Gallardo-Trapero*, 185 F.3d 307, 315 (5th Cir. 1999).

Jones argues that the only conspiracy supported by the factual basis is an agreement between Jones and Dyer to sell gram quantities of heroin on the street totaling less than a kilogram of heroin. Jones argues that the only evidence connecting him to the larger, charged conspiracy with Taylor and the other co-defendants is the "generic, conclusory statement at the end of the

factual basis" in which Jones stipulated that he should be held responsible for at least a kilogram of heroin.

Jones's factual basis states:

> The government and the defendant, NOEL JONES, stipulate and agree that the defendant should be held accountable for at least one kilogram but less than three kilograms of heroin, as this amount of heroin was distributed during the course of the conspiracy as a result of the defendant's conduct and the reasonably foreseeable conduct of his co-conspirators within the timeframe of the Indictment.

It also explains that Jones "bought wholesale quantities of heroin from ARTHUR MCKINNIS and TERENCE TAYLOR," and that he "worked with TERRELL DYER to resell the heroin in gram quantities to street-level customers on a daily basis" from at least January 2011 to November 2013. Even disregarding the stipulation that Jones suggests is conclusory, it was not clear error for the district court to rely on these factual allegations to support Jones's plea to distributing a kilogram of heroin. Although he sold only "gram quantities," he did so "daily" for nearly three years. Together, these sales total more than a kilogram of heroin over the course of the conspiracy. *See Mitchell*, 484 F.3d at 768–69 (holding that the facts of a conspiracy can be proven through circumstantial evidence).

Further, the court did not clearly err in finding that individuals other than Jones and Dyer were part of the same conspiracy. Although there is limited evidence that Jones worked directly with other conspirators, a defendant need not know every member of a conspiracy personally. *United States v. Chapman*, 851 F.3d 363, 377 (5th Cir. 2017) (holding that it was unnecessary "for all co-conspirators to know each other or to work together on every transaction" (quoting *United States v. DeLeon*, 641 F.2d 330, 334 (5th Cir. 1981))). Two defendants are part of the same conspiracy when the factfinder "reasonably could have inferred from the evidence that the

defendants had a common goal of distributing illegal drugs for profit, that they knew they were part of a larger venture, and that the activities of each conspirator were advantageous to the success of the overall venture." *United States v. Thomas*, 12 F.3d 1350, 1357–58 (5th Cir. 1994). Indeed, we have noted that "[i]n many narcotics distribution networks the ultimate retailers may not know the identities of those who supply their wholesaler, and the retailers' identities may be unknown to those suppliers; but all are well aware that they are participating in a collective venture." *Id.* at 1358 (quoting *United States v. Lokey*, 945 F.2d 825, 831 (5th Cir. 1991)).

Even if Jones never met Taylor, this does not make the district court's finding clearly erroneous as long as the court could reasonably have inferred that Jones knew he was part of a larger venture that included others such as Taylor. Jones admitted that he purchased wholesale quantities from Taylor and McKinnis in the factual basis. His admissions imply ongoing involvement with these codefendants, the men operating a narcotics supply chain. A reasonable factfinder could determine, based on these facts, that Jones was part of a common venture including McKinnis and Taylor with a shared goal of distributing illegal drugs for profit.

Jones attempts to characterize his relationship with McKinnis as a mere buyer-seller relationship, which he argues cannot support his conspiracy guilty plea. "It is well settled that evidence of a buyer-seller relationship is not, by itself, sufficient to support a conviction for conspiracy." *United States v. Mata*, 491 F.3d 237, 241 (5th Cir. 2007). But the buyer-seller exception is meant to "prevent[] a single buy-sell agreement, which is necessarily reached in every commercial drug transaction, from automatically becoming a conspiracy to distribute drugs." *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc). Evidence of "a strong level of trust and an ongoing, mutually dependent relationship" changes the relationship to a conspiracy to distribute

drugs. *Id.* at 334 (quoting *United States v. Posada-Rios*, 158 F.3d 832, 860 (5th Cir. 1998)). Thus, the evidence in the factual basis makes Jones more than "merely an acquirer or street-level user" to which the buyer-seller exception would apply. *United States v. Carbajal-Gonzalez*, 661 F. App'x 825, 826 (5th Cir. 2016) (per curiam); *see also United States v. Ayers*, 583 F. App'x 383, 384 (5th Cir. 2014) (per curiam) (holding that the facts established a conspiracy when the defendant "engaged in agreed-upon, daily transactions in which Ayers would buy heroin for resale" and the defendant "was part of a network of street-level dealers" reselling heroin).

Because the statements in the factual basis form an adequate evidentiary foundation for Jones's guilty plea, Jones has shown no error.

**B.    Sufficiency of the District Court's Instructions**

Jones's second argument is that his guilty plea was unknowing and involuntary because the district court misinformed him about the government's burden for proving a conspiracy and attributing a quantity of drugs to him. We find no reversible error in the district court's explanations.

"Rule 11 of the Federal Rules of Criminal Procedure was designed to 'ensure that a guilty plea is knowing and voluntary, by laying out the steps a trial judge must take before accepting such a plea.'" *United States v. Alvarado-Casas*, 715 F.3d 945, 949 (5th Cir. 2013) (quoting *United States v. Vonn*, 535 U.S. 55, 58 (2002)). The Rule requires that defendants understand the nature of the charge against them, which "refers to the elements of the offense." *United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002) (quoting *United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001)). To satisfy this requirement, "the court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge." *Id.* (quoting *United States v. Reyna*, 130 F.3d 104, 110 (5th Cir. 1997)).

No. 17-30829

For a drug trafficking conspiracy, some explanation of drug quantities is required "if the government seeks enhanced penalties for a federal drug trafficking offense based on the amount of drugs." *See id.* This is because "the specific drug quantity is an element of the crime, i.e., 'the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt.'" *Id.* (quoting *United States v. Virgen-Moreno*, 265 F.3d 276, 297 (5th Cir. 2001)); *see also United States v. Haines*, 803 F.3d 713, 738 (5th Cir. 2015) ("Because the quantity of heroin involved affects Haines's and Porter's minimum sentences under § 841, it must be found by a jury.").

At his rearraignment hearing, Jones was told that, if he chose to plead not guilty, the government would have to prove that "the overall scope of the conspiracy involved at least 1 kilogram of heroin." We have said that a defendant is responsible for only "the quantity of drugs with which [the defendant] was directly involved or that was reasonably foreseeable to him." *Haines*, 803 F.3d at 740; *see also id.* at 741 ("In light of this longstanding rule, we have found error where the district court increased a statutory minimum in reliance on a conspiracy-wide quantity of drugs."). But despite this distinction, reversal is not required because Jones cannot show that he would have chosen not to plead guilty had he been instructed differently.

"[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Here, the allegations in the factual basis show that Jones was directly involved in distributing at least a kilogram of heroin. Therefore, even if he had been explicitly informed that his responsibility was limited to drug quantities with which he was directly involved or that were reasonably foreseeable to him, there is no reason to think that he would have chosen to plead not guilty

8

because he admitted in the factual basis that he had direct involvement in distributing more than a kilogram of heroin over the duration of the conspiracy.

Jones was otherwise properly charged and instructed at his rearraignment hearing, and he understood that he was pleading guilty to a crime involving a kilogram of heroin. His indictment charged him with conspiring to distribute one kilogram of heroin, which is exactly the charge for which he was ultimately convicted. The district court explained the requirements for proving a conspiracy according to the Fifth Circuit Pattern Jury Instructions. It also informed Jones of the quantity of drugs charged and the penalty associated with that quantity. Jones confirmed his understanding of the charge against him and the elements that the government would be required to prove. He also confirmed that he had reviewed the factual basis with his attorney. Jones cannot show that his plea was involuntary or that he would have chosen not to plead guilty had the court's instructions to him been different. *See Reyes*, 300 F.3d at 560 (holding that possible error in explaining the drug quantity does not amount to plain error when the defendant was properly charged and indicated that he read and understood the charges against him).

Jones also argues that the district court's instructions rise to the level of a structural error requiring automatic reversal. "'[T]he omission of a single Rule 11 warning without more is not colorably structural,' and is thus not reversible without a showing that it affected the proceedings." *United States v. Scott*, 587 F. App'x 201, 202 (5th Cir. 2014) (per curiam) (quoting *Dominguez Benitez*, 542 U.S. at 81 n.6). As long as a defendant received his indictment, understood the charges against him, and reviewed his factual basis with counsel, a defendant's "attempt to recast his Rule 11 claim as a due process

claim is invalid." *United States v. Jerome*, 707 F. App'x 853, 853 (5th Cir.) (per curiam), *cert. denied*, 138 S. Ct. 2008 (2018).

### C.     Ineffective Assistance of Counsel Claims

Finally, Jones argues that he was denied effective assistance of counsel and that the record is sufficiently developed for the panel to evaluate his claims on direct appeal. In the alternative, he requests that the court remand the case to the district court for an evidentiary hearing.

We decline to consider these claims on direct appeal because they have not been ruled on by the district court. *See United States v. Velasquez*, 881 F.3d 314, 341 (5th Cir. 2018) (per curiam) ("[C]laims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." (quoting *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014))). This is not the "rare" case in which the record is sufficiently developed to allow the court to fairly evaluate the merits of Jones's claims. *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992). We therefore dismiss these claims "without prejudice to [Jones's] right to raise the issue in a proper proceeding pursuant to 28 U.S.C. § 2255." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).

### IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.