# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2021

Lyle W. Cayce
Clerk

No. 20-50644
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HEATHER DAWN GRIFFITH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-265-2

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Heather Dawn Griffith appeals her guilty-plea conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. She contends that the factual basis for her plea was insufficient to prove that her conduct constituted a drug conspiracy

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

offense. We review the forfeited objection for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

According to Griffith, the record did not establish her agreement to possess with intent to distribute 50 grams or more of methamphetamine. However, the agreement element of the offense required "mere proof of an agreement involving drugs." *United States v. Jones*, 969 F.3d 192, 196 (5th Cir. 2020), *petition for cert. filed* (Jan. 4, 2021) (No. 20-6802) (internal quotation marks and citation omitted); *see also United States v. Daniels*, 723 F.3d 562, 572-74 (5th Cir.), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013).

Griffith asserts that the small amounts of drugs found in her purse, her association with a drug-dealing boyfriend and presence around his drugs, and her act of recovering a "package" of narcotics he had thrown from his vehicle immediately before a traffic stop were insufficient to satisfy the agreement element. However, the entirety of the record supports a reasonable inference of a tacit agreement between them to possess with intent to distribute narcotics. *See Trejo*, 610 F.3d at 317; *United States v. Harris*, 740 F.3d 956, 962-63 (5th Cir. 2014); *Jones*, 969 F.3d at 196. That evidence extends beyond Griffith's association with her boyfriend and presence around his drugs; it also shows that she acted in concert with him and aided him, while personally benefiting from his drug dealing activities. *See United States v. Akins*, 746 F.3d 590, 604 (5th Cir. 2014); *United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006). She thus fails to show error, plain or otherwise, concerning the factual basis.

AFFIRMED.