# United States Court of Appeals for the Fifth Circuit

---

No. 22-50754
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OTONIEL GARCIA-NIETO,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-61-1

---

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Otoniel Garcia-Nieto pleaded guilty to: conspiracy to possess 50 grams or more of actual methamphetamine with intent to distribute and distribution of 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (count one); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

§ 924(c) (count two). The district court sentenced Garcia to, *inter alia*, consecutive terms of 240-months' imprisonment on count one and 60-months' imprisonment on count two.

Garcia challenges the court's finding he did not qualify for a minor-role adjustment under Sentencing Guideline § 3B1.2(b), contending he should have received a two-level downward adjustment for his minor role in the offense because he was merely a middleman who stored the drugs. He also contests the court's applying the two-level importation enhancement under Guideline § 2D1.1(b)(5).

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Garcia maintains he was not involved in the planning or organizing of the illicit activity and that he did not have decision-making authority. The record reflects, however, that Garcia: received, secured, and stored drugs; distributed drugs to others for resale; and collected payments for drugs. In the light of viewing the record in its entirety, Garcia did not show the district court clearly erred regarding whether he was substantially less culpable than the average participant nor whether he was peripheral to the criminal activity. *See* U.S.S.G. § 3B1.2, cmt. nn.3 & 5; *United States v. Anchundia-Espinoza*, 897 F.3d 629, 634–35 (5th Cir. 2018) (explaining minor-role adjustment "is not

appropriate simply because a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity" (citation omitted)).

To that point, Garcia maintains the court erred by not making any findings on the record concerning the average participant in the conspiracy or whether Garcia's participation was substantially less culpable for purposes of § 3B1.2. Because he did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

At sentencing, the court stated its agreement with the Government's position and expressly adopted the probation officer's response to Garcia's objection. Garcia has not shown, under plain-error review, the requisite clear-or-obvious error because he did not request the court to further articulate its reasoning at sentencing. *E.g.*, *United States v. Pike*, 979 F.3d 364, 365–66 (5th Cir. 2020) (explaining district court must articulate factual basis for its finding that defendant was average participant and its reasons for refusing mitigating-role adjustment only when defendant requested that it do so).

As for his challenge to the imposition of the importation enhancement under Guideline § 2D1.1(b)(5), Garcia asserts only that the enhancement was improper because he was entitled to a mitigating-role adjustment. Because his minor-role argument fails, Garcia was subject to the importation enhancement. *See* U.S.S.G. § 2D1.1(b)(5)(B); *see also United States v. Jerome*, 707 F. App'x 853, 854 (5th Cir. 2018) ("Because we discern no error in the district court's denial of a mitigating role adjustment, [defendant] was [subject to] the § 2D1.1(b)(5) enhancement.").

AFFIRMED.