# United States Court of Appeals for the Fifth Circuit

---

No. 22-11011
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC PRESCOTT KAY,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-269-1

---

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Eric Prescott Kay of (1) conspiracy to possess with intent to distribute oxycodone and fentanyl, and (2) distribution of fentanyl, resulting in death and serious bodily injury. Kay, who worked as Director of Communications for the Los Angeles Angels baseball organization, routinely supplied Angels pitcher Tyler Skaggs and

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-11011

numerous other professional baseball players with oxycodone. Skaggs died in a Texas hotel room after ingesting oxycodone that was laced with fentanyl. In finding Kay guilty, the jury concluded, *inter alia*, that Kay supplied Skaggs with the deadly fentanyl-laced pill and that the fentanyl was the but-for cause of his death. *See* 21 U.S.C. § 841(b)(1)(C). On appeal, Kay contends that the evidence at trial was insufficient to sustain either of his convictions or to show that venue was proper in Texas. Kay also challenges the propriety of several statements that the prosecutor made during her closing arguments.

We begin with Kay's sufficiency claims, which he only partially preserved in the district court. In his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, Kay contended that (1) the government failed to prove that the fentanyl he distributed to Skaggs was the but-for cause of death, or (2) venue was proper in Texas on both counts. We review a preserved challenge to the sufficiency of the evidence de novo, but we review an unpreserved claim for a manifest miscarriage of justice only. *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007).

The evidence and all reasonable inferences, when viewed in the light most favorable to the verdict, would allow a reasonable jury to conclude that (1) after Skaggs asked Kay for oxycodone, Kay met with his supplier in California and obtained the pills; (2) Kay later gave the pills to Skaggs in his hotel room in Southlake, Texas, where he and the team were staying the night before a series against the Texas Rangers; and (3) Skaggs later died in his hotel room after ingesting one of the tainted pills. Additionally, at least two doctors testified that the fentanyl was the but-for cause of Skaggs's death. *See United States v. Burrage*, 571 U.S. 204, 209-10 (2014); *see also* § 841(b)(1)(C). The evidence was sufficient to show that (1) Kay participated in a conspiracy

to possess with intent to deliver oxycodone and fentanyl,[1] *see United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006); (2) he distributed fentanyl resulting in death, *see United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002); and (3) venue was proper in Texas as to both counts, *see* 18 U.S.C. § 3237(a); *United States v. Thomas*, 690 F.3d 358, 369 (5th Cir. 2012); *Solis*, 299 F.3d at 445.

Kay also asserts that the prosecutor made at least six improper remarks during closing arguments when she misstated evidence, vouched for the credibility of government witnesses, and personally attacked defense counsel. "A criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone." *United States v. Iredia*, 866 F.2d 114, 117 (5th Cir. 1989) (citation omitted). Our inquiry is limited to "whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict." *Id.* This is a "high bar" to overcome. *United States v. Aguilar*, 645 F.3d 319, 325 (5th Cir. 2011). Kay objected to two of the allegedly improper statements during trial. We review the preserved issues for abuse of discretion, *see United States v. Griffin*, 324 F.3d 330, 361 (5th Cir. 2003), and the unpreserved issues for plain error, *United States v. Vargas*, 580 F.3d 274, 278 (5th Cir. 2009).

Kay cannot show error, plain or otherwise, in the prosecutor's remarks about the evidence or defense counsel. In context, the record reflects that the prosecutor did not misstate the evidence related to (1) deleted text messages between Skaggs and his friend, (2) Kay being Skaggs's only source of oxycodone, (3) the doctors' testimonies regarding the but-for cause of Skaggs's death, or (4) Kay's presence in Skaggs's room when he died.

---

[1] The evidence of Kay's numerous drug sales to Skaggs and other players renders this court's buyer-seller exception inapplicable. *See, e.g.*, *United States v. Jones*, 969 F.3d 192, 198 (5th Cir. 2020); *United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021).

Rather, the prosecutor was reviewing the evidence and reasonable inferences to be drawn therefrom, and was responding to theories offered by Kay, both of which she was entitled to do. *See United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir. 2008); *United States v. Lara*, 23 F.4th 459, 481 (5th Cir. 2022) (explaining that a prosecutor may "directly respond to theories of evidence offered by defense counsel"). Further, the prosecutor did not personally attack defense counsel. The challenged remark instead focused the jury on the weaknesses in the defense's case and emphasized Kay's inability to refute or undermine the inculpatory evidence. *See United States v. Bernard*, 299 F.3d 467, 487-88 (5th Cir. 2002) ("The prosecutor's arguments, properly understood, attacked the strength of the defense on the merits, not the integrity of defense counsel."). Finally, even if a remark could be construed as the prosecutor's vouching for the credibility of the baseball players who testified that Kay sold them oxycodone, Kay does not deny that he did in fact distribute drugs to those players. Without a significant dispute about this issue, Kay cannot show that the statement had a significant prejudicial effect. *See United States v. McCann*, 613 F.3d 486, 496-97 (5th Cir. 2010) (holding that a prosecutor's potentially improper statements do not affect a defendant's substantial rights in the face of overwhelming evidence of guilt).

The district court's judgment is AFFIRMED.