# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-10234
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Darrion Murray,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-647-1

―――――――――――――――――――――

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Darrion Murray appeals his guilty plea conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

As part of his written plea agreement, Murray waived his right to appeal his conviction or sentence, except to directly appeal a sentence exceeding the statutory maximum or resulting from an arithmetic error, to

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

challenge the voluntariness of the plea or waiver, or to bring claims of ineffective assistance of counsel. The district court sentenced Murray to 105 months of imprisonment and three years of supervised release. Murray timely appealed.

On appeal, he argues that § 922(g)(1) is unconstitutional because it (1) exceeds Congress's power under the Commerce Clause and (2) violates the Second Amendment. He also argues that the district court violated Federal Rule of Criminal Procedure 11 by not informing him that § 922(g) is unconstitutional. But Murray didn't raise these issues to the district court, so we review them for plain error only. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). To show plain error, Murray must demonstrate a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we may correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As a preliminary issue, the Government seeks to enforce Murray's appeal waiver and claims that his arguments are barred by it. Murray argues that the waiver does not prevent him from challenging the constitutionality of his statute of conviction. But because Murray's appeal is "easily resolved on the merits," we need not resolve the appeal-waiver question. *United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018).

Murray first argues that § 922(g) is unconstitutional because it exceeds Congress's power under the Commerce Clause. But he concedes that this argument is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *see also United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

Second, Murray argues that § 922(g) violates the Second Amendment under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). This

argument is foreclosed, too. In a recently published opinion, we held that § 922(g)(1) is not clearly or obviously unconstitutional under *Bruen*. *United States v. Jones*, No. 23-10198, 2023 WL 8074295, at *1 (5th Cir. Nov. 21, 2023) (per curiam).

Finally, Murray argues that by not informing him that § 922(g) was unconstitutional, the district court did not advise him of the nature of the charge against him as required by Rule 11. "Rule 11's requirement that defendants understand the 'nature of the charge' against them refers to the elements of the offense." *United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001). "To satisfy this requirement, the court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge." *United States v. Jones*, 969 F.3d 192, 198 (5th Cir. 2020) (internal quotation marks and citation omitted).

As we recently explained in *Jones*, there is no "binding precedent holding that § 922(g)(1) is unconstitutional, and . . . it is unclear that *Bruen* dictates such a result." 2023 WL 8074295, at *2. So the district court had no duty to inform Murray that § 922(g) is unconstitutional. The record reflects that the district court complied with its obligation to ensure that Murray understood the nature of the charge against him. Thus, the district court did not commit any error—plain or otherwise—by not advising Murray that § 922(g) is unconstitutional.

Accordingly, the judgment is AFFIRMED.