# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10972
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Jones,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-109-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Carlos Jones appeals his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. He argues that the factual basis for his plea was insufficient to demonstrate that his conduct constituted a drug conspiracy offense. We review the forfeited

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

objection for plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

According to Jones, the record did not establish his agreement to possess with intent to distribute methamphetamine, and even if we assumed that it did, the record did not reflect that the conspiracy involved 50 grams or more of methamphetamine or his knowledge of that quantity. Jones also claims there was no evidence regarding the frequency of his sales or the individuals to whom he distributed methamphetamine. However, for purposes of the guilty plea, there was no requirement of any of these elements. *See United States v. Jones*, 969 F.3d 192, 196 (5th Cir. 2020); *United States v. Daniels*, 723 F.3d 562, 572-74 (5th Cir.), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013); *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009).

The entirety of the record supports a reasonable inference of an agreement among, at the very least, Jones, an unindicted coconspirator, and a supply source to possess with intent to distribute methamphetamine. *See Jones*, 969 F.3d at 196; *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008); *Trejo*, 610 F.3d at 317. That evidence is bolstered by Jones's own admission to investigators that he purchased methamphetamine and regularly distributed it. He thus fails to show error, plain or otherwise, concerning the factual basis. *See Trejo*, 610 F.3d at 313.

The judgment of the district court is AFFIRMED.