# United States Court of Appeals
# for the Fifth Circuit

―――――――

No. 24-40660
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOEL GONZALEZ,

*Defendant—Appellant*.

―――――――――――――――――

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-47-5

―――――――――――――――――

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Joel Gonzalez was charged in a multi-count, multi-defendant fifth superseding indictment and pleaded guilty to conspiracy to possess with intent to manufacture and distribute methamphetamine (Count One) and conspiracy to commit money laundering (Count Two). The district court sentenced Gonzalez to 340 months of imprisonment on Count One, to be

―――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

served concurrently with a 240-month term of imprisonment on Count Two. It also sentenced him to serve concurrent supervised-release terms of five years on Count One and three years on Count Two. Gonzalez timely appealed. His conviction on Count One is not at issue in this appeal.

For the first time on appeal, Gonzalez argues that the factual basis for his conviction on Count Two was inadequate to support his conviction. We review for plain error, which requires "(1) an error; (2) that is clear or obvious; and (3) affects the defendant's substantial rights." *See United States v. Trejo*, 610 F.3d 308, 313, 319 (5th Cir. 2010) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)) (noting also that, if these three elements are satisfied, "the court of appeals has the *discretion* to correct [the error] but no obligation to do so"). In doing so, we look beyond Gonzalez's admissions during his plea colloquy and scan the entire record for factual allegations that indicated Gonzalez committed each element of the crime. *See id.* at 313; *see also United States v. Jones*, 969 F.3d 192, 196 (5th Cir. 2020).

We consider first the Government's theory that Gonzalez conspired to commit money laundering under 18 U.S.C. § 1956(h) and § 1956(a)(2)(A). Drawing reasonable inferences from factual allegations and evidence gleaned from the entire record, we find no error because the record evidence suffices to establish the facts underlying Gonzalez's guilty plea on Count Two. Specifically, the district court did not clearly or obviously err in determining there was an adequate factual basis to demonstrate that Gonzalez took part in a conspiracy to transport, between the United States and another country, funds derived from the methamphetamine-trafficking conspiracy and that he did so with the intent to promote the carrying on of the methamphetamine-trafficking conspiracy. *See* 18 U.S.C. § 1956(a)(2)(A), (h); *Trejo*, 610 F.3d at 313-17 (outlining principles for assessing intent to commit promotion money laundering); *Puckett*, 556 U.S. at 135 (identifying plain-error elements). We therefore uphold Gonzalez's conviction on Count Two without regard to the

No. 24-40660

sufficiency of the factual basis to support the Government's alternative theory that Gonzalez conspired to commit concealment money laundering under § 1956(h) and § 1956(a)(1)(B)(i). *See United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006).

Gonzalez renews his argument that the district court erred in refusing to award him a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility given his plea of guilty, made on the day of jury selection in his case, and his admission to the factual resume presented in support of his plea. We will not disturb the district court's reasoned decision in this regard because that decision is owed particular deference and because it is not without foundation. *See United States v. Hinojosa-Almance*, 977 F.3d 407, 410-11 (5th Cir. 2020).

AFFIRMED.